■ STEPHEN P. MRAS, an Infant, by PATRICIA M. MRAS, His Guardian ad Litem, et al., Respondents, v. COREY CHESS, Defendant, and IDA M. BEECHER et al., Appellants. (And Two Other Actions.) — HERLIHY, J. The plaintiffs, passengers, have been awarded money verdicts and the sole question on this appeal is whether, as found by the jury, the defendant Chess had implied permission from the defendants Beecher to drive their automobile at the time of the accident. While there was some evidence of express permission, the jury found that there was no such permission. The plaintiffs are entitled upon this appeal to the most favorable aspect of the evidence and when applied to the facts herein, justifies sustaining the verdicts. Defendants Chess and Francis

Beecher were close personal friends both before and after the accident to the extent, among many other events, that Beecher came to the hospital after the accident and guided Chess about in a wheel chair. There was testimony that Mrs. Beecher had observed Chess drive the Oldsmobile subsequently involved in the accident on "a couple of" prior occasions and that he used with permission the Beecher tractor and motor scooter on public highways. On the night of the accident the two started out together in Beecher's automobile with the assurance that Chess would be able to get home all right. He testified "He [Beecher] alleged on the way up to the party that he was going to have a good time and have a few drinks and for me not to worry, he would see that I got home all right." This testimony in the record could be a basis for the jury inferring that there was an implied understanding that if need be, Chess could take Beecher's automobile to go home. In addition to these specifics, and from a reading of the record as a whole, in our opinion, the statutory presumption of implied permission to drive the automobile was not overcome as a matter of law but a factual issue was presented which the jury resolved in favor of the plaintiffs and as the trial court so aptly noted, it was "a close one". Judgments and orders appealed from are affirmed, with one bill of costs to plaintiffs-respondents in each action. Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur.