·CLAYTON DE LANCEY, Appellant, v. NATIONWIDE INSURANCE COMPANY, Respondent.— In an action pursuant to section 167 of the Insurance Law

to recover the amount of a judgment on an inquest taken in an action to recover damages for personal injuries sustained by the plaintiff as a result of the negligent operation of a motor vehicle owned by one Grace Lane (the defendant's insured under an automobile liability policy) and operated by one Cecil Miller, the plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered February 7, 1966 upon the court's decision in favor of the defendant after a nonjury trial. Judgment reversed on the law, with costs, and judgment granted in favor of the plaintiff in the sum of $10,175, together with interest from the date judgment was entered on the inquest. The findings of fact are affirmed. Under section 388 of the Vehicle and Traffic Law, proof of ownership of a motor vehicle creates a rebuttable presumption that the driver was using the vehicle with the owner's permission, express or implied, and this presumption continues until there is substantial evidence to the contrary (*Leotta* v. *Plessinger*, 8 N Y 2d 449, 461). The owner may, however, restrict the use of the vehicle when in the hands of another; and such restriction, if violated, would mean that the vehicle was being driven without the owner's permission (*Burmaster* v. *State of New York*, 7 N Y 2d 65, 70). In the instant case, the learned Trial Justice found, as trier of the facts, that the owner of the vehicle had requested that the driver take her car to a pizzeria to pick up a pizza and to "bring it right back." The evidence further disclosed that, when the plaintiff (a passenger in the car) and the driver arrived at the pizzeria, they were told that the pizza was not ready and were advised that they would have to wait about 15 minutes. At that point, the plaintiff and the driver went for a ride in the car and, while returning to the pizzeria, an accident occurred with resultant injuries to the plaintiff. The issue as to whether at a particular time an act was within the scope of the authority granted to use the motor vehicle is not subject to precise formula. Whether the vehicle was so used is ordinarily to be decided as a question of fact (*Leotta* v. *Plessinger, supra*); it may, however, be one of fact and of law. In this case, the question remains as to the legal conclusion to be drawn from the facts as found by the trial court. In our opinion, the claimed deviation from the authority given did not constitute a breach of the restriction set by the owner so as to exonerate the owner from liability for the driver's negligence. Since, at the time of the accident, the driver was, in effect, waiting for the pizza to be prepared, we do not find a temporal deviation from the scope of the permission granted, nor do we find, under the circumstances of this case, such geographical deviation from the permission granted as would relieve the owner from responsibility for the driver's negligent conduct. Accordingly, it is our opinion that judgment should have been granted in favor of the plaintiff. Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.