(May 7, 1969)

■     PAUL L. STRATTON, Respondent, v. WILLIAM C. MILLER, Appellant.—
AULISI, J. Appeal (1) from a judgment of the County Court of Broome County in favor of plaintiff, entered July 26, 1967, upon a verdict rendered at Trial Term, and (2) from an order of said court, entered August 25, 1967, which denied defendant's motion to set aside the verdict. Plaintiff was driving his automobile on Nanticoke Road, an unmarked two-lane highway, in the Town of Union, Broome ·County, at approximately 12:45 A.M. on May 19, 1965. According to the plaintiff's testimony, defendant's automobile was parked partially on the paved portion of the highway across from his residence and garage on Nanticoke Road facing plaintiff as he approached. An unidentified oncoming car crossed into plaintiff's lane partially ·blocking a portion of his lane and forcing him to pull to the right. As a result, plaintiff contends that he was unable to pass without colliding with the parked vehicle of the defendant causing substantial damage to the right front of defendant's car and forcing it off the road into a field. Plaintiff's car was also extensively damaged and he sustained personal injuries. There was conflicting testimony as to how far, if at all, defendant's vehicle protruded onto the paved portion of the highway. Defendant's principal argument is that the plaintiff has failed to establish that the defendant's negligence was the proximate cause of the accident. Defendant regards the unidentified automobile as being solely responsible for the accident and contends that defendant's negligence was at most a remote cause which merely furnished the condition or gave rise to the occasion by which the accident was made possible (see *Rivera* v. *City of New York,* 11 N Y 2d 856; *Gralton* v. *Oliver,* 277 App. Div. 449). The question of whether defendant's negligence under the circumstances was the proximate cause of the accident constituted a question of fact which was fairly submitted to the jury (*Overbaugh* v. *Emory Transp. Co.,* 1 A D 2d 729) under a charge to which no exception was taken; and we are unable to say that the finding of proximate cause herein, implicit in the jury's verdict, is against the weight of the evidence. The defendant's car was left unattended abutting on the paved portion of the highway at a time when space in his driveway was admittedly available and the third party conduct which occurred on the night the accident took place was within the realm of reasonable foreseeability. Relying upon the testimony relating to the plaintiff's use of intoxicating beverages prior to the accident, defendant contends that plaintiff has failed to sustain his burden of proving freedom from contributory negligence and that, in this respect, the verdict is contrary to the weight of the evidence. Admittedly, plaintiff had four or five glasses of beer at the Pine Inn during a two and one-half hour interval prior to the accident. Also elicited upon the trial was the testimony of witnesses who observed plaintiff some three and one-half hours prior to the accident and prior to his arrival at the Pine Inn. Their testimony as to whether he had had anything to drink beforehand and as to what his precise condition was at

687

that time was, however, inconclusive. Bearing in mind the time intervals involved, and the indefinite nature of that testimony, the facts herein are such as to warrant submission of the entire question of intoxication, if any, and its bearing upon the issue of contributory negligence to the jury. Unlike the facts in *Chodanionek* v. *Wasserstein* (30 A D 2d 892) cited by defendant, there was no conclusive testimony presented that plaintiff was intoxicated or staggering. Likewise, whether plaintiff exercised reasonable care in approaching the area in which the defendant's car was parked was a question properly submitted for jury determination. Judgment and order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Aulisi, J.