■ CLARENCE A. BLUNT, as Administrator of the Estate of ROBERT BLUNT, Deceased, Appellant-Respondent, v. EUGENE C. ZINNI et al., Respondents-Appellants.— Judgment, and order upon which it was granted, setting aside a verdict for plaintiff as against the owner Zinni, unanimously reversed on the law and facts, with costs to appellants against defendant Zinni, verdict reinstated and judgment directed against both defendants. Memorandum:

Following a unanimous verdict in the sum of $19,400 on behalf of the deceased plaintiff passenger's estate against both the owner and the operator of the sole vehicle involved in a fatal accident, the court set aside the verdict against the owner and ordered a new trial on the issue of the permissive use of the truck involved. In its memorandum decision the court specifically excluded an absence or lack of credibility on the part of the driver, an employee of the owner, whose testimony revealed that on the night in question he had taken the truck for his personal use with the knowledge and consent of a coemployee, the person left in charge of the service station by the owner; that the operator had driven his employer's trucks on many occasions, either alone or with the owner or his manager; and that he had driven this and other trucks on service calls on the business of the owner who operated a gasoline station and towing service. The owner testified he had not given his consent for use of the truck on this occasion and had forbidden its use by the operator away from the station, limiting his use thereof on the service station property. Upon this state of the record, it cannot be said the preponderance of the evidence was so great that the jury could not have reached the verdict it did on "any fair interpretation of the evidence". (*Rapant* v. *Ogsbury,* 279 App. Div. 298, 300; *Marton* v. *McCasland,* 16 A D 2d 781.) The presumption of consent created by subdivision 1 of section 388 of the Vehicle and Traffic Law has been characterized as "very strong" and continues until there is substantial evidence to the contrary. (*Leotta* v. *Plessinger,* 8 N Y 2d 449.) In support of their respective positions, substantial evidence was presented and elicited by both plaintiff and the defendant owner and a clear question of fact was presented for jury determination on this issue (*May* v. *Heiney,* 12 N Y 2d 683; *Ryder* v. *Cue Car Rental,* 32 A D 2d 143; *Reyes* v. *Sternberg,* 27 A D 2d 838) which should not have been disturbed; and not even an owner's uncontradicted statement that permission was denied changes the status of this issue from a question of fact to one of law. (*Reyes* v. *Sternberg, supra; Cosimo* v. *Hollenbeck,* 19 A D 2d 921.) The resolution of this clearly defined question of fact by the jury, which the court characterized as not lacking in credibility, should not have been disturbed and its action in setting aside the verdict against the owner was erroneous. The dismissal, however, of the action for conscious pain and suffering was proper since the record is devoid of any consciousness following the accident. (*Bruck* v. *Meatto Trucking Corp.,* 20 A D 2d 521.) (Appeals from judgment and order of Erie Trial Term in automobile negligence action. Order granted motion to set aside verdict in part.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ.