■ DOROTHY M. RACHON, Respondent, v. LOUIS CHEUVANT, an Infant, by GEORGE KOHN, His Guardian ad Litem, Respondent, et al., Defendant. DOROTHY M. RACHON, Respondent, v. LUCY M. LAWSON, Appellant.— Judgment unanimously reversed on the law and facts, without costs, and complaint against appellant dismissed. Memorandum: In this action in which plaintiff seeks to impose liability on appellant for injuries caused to plantiff at 2 o'clock in the morning by the negligence of the operator of appellant's automobile, the issue of whether the automobile was operated with appellant's consent was, on stipulation of the parties, separately tried before the trial court without a jury. The operator of appellant's car was her 17-year-old grandson who possessed a junior operator's license which did not permit him " to operate a motor vehicle, other than going to and from school, " during the hours of darkness. (Vehicle and Traffic Law, § 501, subd. 1, par. b.) Both appellant and her grandson knew that the license did not allow him to operate a car after dark except in going to and from school and both of them testified that he had not previously used the car in violation of the terms of the license. Appellant and the operator of

her automobile were the only witnesses. Each of them testified that at about 6 o'clock in the afternoon before the accident appellant told her grandson to drive the car to Redmond's and get a flat tire fixed. Appellant further testified that she told him to get it fixed and be home before dark. He did not deny her testimony in that respect and testified that she did not give him permission to drive elsewhere. Proof of ownership of a motor vehicle creates a rebuttable presumption that the driver was using it with the owner's permission which continues until there is substantial evidence to the contrary. (*Leotta* v. *Plessinger*, 8 N Y 2d 449, 461; *Blunt* v. *Zinni*, 32 A D 2d 882, affd. 27 N Y 2d 521.) In the case at bar there was substantial and uncontradicted testimony that on this occasion the owner's permission was limited to operation of the automobile by defendant Cheuvant during daylight and that operation after daylight was without appellant's permission. We find from the evidence that at the time plaintiff was injured, defendant Cheuvant was operating appellant's automobile without her permission. Appellant cannot, therefore, be held liable and responsible for any injuries resulting from negligence of defendant, Cheuvant, in the operation of appellant's automobile. (Appeal from judgment of Herkimer Trial Term adjudging that insurance carrier must defend negligence action.) Present — Marsh, J. P., Witmer, Moule and Henry, JJ.