. ▪ . ALPHONSE R. PASCUAL et al., Appellants, v. CARMEN MERCADO et al., Respondents, and NEW YORK CITY TRANSIT AUTHORITY et al., Respondents-Appellants.— In a negligence action to recover damages for personal injuries sustained by plaintiff Alphonse Roland Pascual, etc., (1) plaintiffs appeal from (a) an order of the Supreme Court, Queens County, dated January 23, 1973, which denied their motion (i) for judgment upon a jury verdict in their favor against defendant New York City Transit Authority or (ii) to vacate the trial court's decision granting a mistrial, and (b) an interlocutory judgment of the same court, entered March 21, 1973, (i) against them and in favor of defendants Mercado, upon the trial court's dismissal of the complaint as to said defendants and (ii) which reiterated the denial of plaintiffs' said motion; and (2) the transit authority appeals from said portion of the interlocutory judgment which is in favor of the defendants Mercado. Interlocutory judgment modified by deleting therefrom the two decretal paragraphs which are in favor of defendants Mercado. As so modified, interlocutory judgment affirmed, and order affirmed, with one bill of costs to abide the event of the new trial. In our opinion, evidence was adduced at the trial which would have justified a finding by the jury that both defendant Victor Mercado, as the operator of defendant Carmen Mercado's automobile, in which the injured plaintiff was a passenger, and Louis Profit, as the operator of the transit authority's bus, were guilty of negligence in connection with the collision in question. Thus, the transit authority, pursuant to the doctrine of apportionment of liability enunciated in *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143) and *Kelly* v. *Long Is. Light. Co.* (31 N Y 25), had a right to appeal from the interlocutory judgment insofar as it is in favor of the Mercados (*Stein* v. *Whitehead*, 40 A D 2d 89, 92, 93). Notwithstanding the injured plaintiff's opinion that his friend Victor Mercado should not be cast in liability for the accident, that plaintiff's testimony indicated that Victor Mercado might, with reasonable prudence, have avoided the accident by braking his automobile when he first observed the bus proceeding across the intersection. Further, there was other testimony indicating that Victor Mercado contributorily or wholly might have been liable for the accident. Thus, a new trial should be had on the issue of the respective defendants' liability to plaintiffs, if any, and the possible apportionment thereof if the jury should find both drivers' alleged negligence contributed to the accident. After the dismissal of the complaint against the Mercados and in the course of charging the jury on the issue of the negligence, if any, of the transit authority, the trial court reserved decision on a motion jointly made by the transit authority and plaintiffs for a mistrial of the action as. against the transit authority. That motion was *sub judice* before the trial court when the jury rendered its verdict against the transit authority. Thus, the trial court had the power then to decide the motion. Plaintiffs' attorney may not be permitted to speculate upon whether the verdict

would be favorable to him and then, after rendition of such a verdict, be permitted to withdraw his pending motion for a mistrial. Gulotta, P. J., Hopkins, Latham and Brennan, JJ., concur.