■ ELAINE T. SMITH by HENRY J. SMITH, Her Parent, et al., Plaintiffs, v JAMES H. RYAN et al., Appellants, and DOMINGO LEON, JR., Respondent. (Appeal No. 1.)—Order unanimously reversed, with costs, and case remitted for retrial of cross claims in accordance with the following memorandum: In these negligence actions arising out of a nighttime collision between defendants Ryans' northbound vehicle and defendant Smith's vehicle (operated by defendant Leon), which was standing on the east side of the highway facing south, the infant plaintiffs and their parents recovered verdicts against defendants Ryan. The infant plaintiffs had been passengers in the Smith vehicle. They had left the vehicle to look for lost hubcaps and were standing near the Smith vehicle when injured. At the end of the plaintiffs' cases the court granted motions to dismiss the complaints and cross claims against defendant Leon in the first action and against the defendants Leon and Elaine T. Smith in the second action. After the verdicts, in response to motions, the court permitted the parents' derivative action verdicts ($11,000 for Smith, $7,000 for Bridger) to stand, but set aside the verdicts for the infants Elaine T. Smith and Nancy Bridger Brooks and ordered a new trial as to their damages only, unless defendants Ryan stipulate to increase the verdict for Elaine to the sum of $30,000 and the verdict for Nancy to the sum of $20,000. Defendants Ryan so stipulated, and we are informed that they have paid such amounts. Defendants Ryan appeal only from the trial court's dismissal of the complaints against their codefendants Leon, and Leon and Smith, in the respective actions and the dismissal of their cross claims against said codefendants. The record reveals that at the close of the plaintiffs' evidence a question of fact for the jury was presented as to whether defendant Smith's vehicle (operated by defendant Leon) was negligently standing partially on the roadway, facing the wrong direction, and whether in any event it was there in violation of subdivision (c) of section 1203 of the Vehicle and Traffic Law. A further question of fact was presented as to whether such conduct was a proximate cause of the accident *(La Rue v Tiernan,* 260 App Div 337, affd 285 NY 550; *Waterfall v Taylor,* 35 AD2d 619; *Stratton v Miller,* 32 AD2d 687). It was error, therefore, for the trial court to dismiss the complaints and defendants Ryans' cross claims at the end of the plaintiffs' cases (see *Rossman v La Grega,* 28 NY2d 300). Defendants Ryan had standing to object to the dismissal of the complaints, and the court erred in denying them the right to be heard on the motions for such dismissals *(Pascual v Mercado,* 44 AD2d 560; *Stein v Whitehead,* 40 AD2d 89). Defendants Ryan are entitled, therefore, to reversal of the orders

insofar as they dismiss their cross claims against defendant Leon and defendants Leon and Smith in the respective actions. The failure of the infant plaintiffs to appeal from the court's dismissal of their complaints as against defendant Leon and defendants Leon and Smith, and from the denial of their motions to set aside the verdicts in favor of defendants Ryan (on condition that the latter stipulate to increase them to $30,000 and $20,000 respectively, which they did), and their acceptance of payment of the increased verdicts under the stipulations, complicates resolution of the remissions in these cases. In these circumstances only the cross claims of defendants Ryan against defendant Leon and defendants Leon and Smith, as supplemented by the pertinent allegations of the complaints in the two actions, should be reinstated. The issues thus presented are remitted to Supreme Court, Cayuga County for a new trial (see CPLR 1403) on the question of whether defendant Leon and defendants Leon and Smith were negligent and whether their negligence was a proximate cause of the infant plaintiffs' injuries, and, if liability be found, the jury should also determine the amount of damages incurred by the plaintiffs respectively, the relative responsibility of defendants Ryan and defendant Leon for the injuries to infant plaintiff Smith, and the relative responsibility of defendants Ryan and defendants Leon and Smith to plaintiff Brooks. In the event that the jury find that defendants Leon and Smith were not responsible for either plaintiff's injuries, the cross claims, of course, should then be dismissed. In the event, however, that the jury find that defendant Leon had some responsibility for the injuries suffered by infant plaintiff Smith, the amount of damages which the jury find were sustained by her and her parent not to exceed the sum of $41,000 paid by defendants Ryan, shall be apportioned between defendants Ryan and defendant Leon in accordance with the jury's finding of their respective responsibilities therefor. Further, in the event that the jury find that defendants Leon and Smith had some responsibility for the injuries suffered by plaintiff Brooks, the amount of damages which the jury find were sustained by her and her parent not to exceed the sum of $27,000 already paid by defendants Ryan, shall be apportioned between defendants Ryan and defendants Leon and Smith in accordance with the jury's finding of their respective responsibilities therefor. Since defendants Ryan had appeals pending from the order dismissing the complaints and their cross claims, and paid plaintiffs under court order before the effective date of subdivisions (b) and (c) of section 15-108 of the General Obligations Law, those provisions are not here pertinent. (Appeal from order of Cayuga Trial Term, in automobile negligence action.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.