AETNA CASUALTY AND SURETY COMPANY, Respondent, v JOSEPH S. LAURIA, as Administrator of the Estate of MARK LAURIA, Deceased, et al., Appellants.

Fourth Department, November 5, 1976

*Martoche, Collesano, Abramowitz & Geller (Stanely Collesano* of counsel), for Joseph S. Lauria, appellant.

*Richard D. Yellen* and *Jaeckle, Fleischmann & Mugel (J. Edmund DeCastro* of counsel), for Clayton Eldridge, appellant.

*Schaus & Schaus (Maynard Schaus* of counsel), for respondent.

WITMER, J. Defendants appeal from an order at Special Term granting plaintiff's motion for a trial preference in its action for declaration of the rights of the parties under an automobile insurance policy issued by plaintiff to defendant Frederick C. Brice, and denying the cross motion of defendant Clayton Eldridge, individually and as administrator of the estate of Norma F. Eldrige, deceased, for a stay or dismissal of the complaint.

On March 8, 1974 in Amherst, New York, Norma F. Eldridge, 19 years old, was operating her father's automobile when it came into collision with one owned by defendant Frederick C. Brice and exclusively occupied by two young men, to wit, Mark Lauria and Charles Maybee. All three were killed in the collision. Plaintiff, the Aetna Casualty and Surety Company (Aetna), as insurer of the Brice vehicle, made a prompt investigation of the circumstances of the accident

and concluded that the two young men were using the Brice vehicle without permission, at a high rate of speed and under the influence of intoxicants; and on July 9, 1974 it disclaimed any insurance coverage with respect to the acts of Lauria and Maybee. It then moved in Surrogate's Court for the appointment of legal representatives for the estates of Lauria and Maybee, which was accomplished, and on August 30, 1974 Aetna instituted this action against the administrators of the estates of Norma F. Eldridge, Mark Lauria, and Charles Maybee, and also against its assured, Frederick C. Brice, alleging that the Brice vehicle was being operated without permission and by intoxicated persons, that by reason thereof it had disclaimed liability under its policy, and praying for a declaration of rights and obligations of the parties with respect to the insurance policy.

After the accident the mother of Charles Maybee, deceased, married the defendant Frederick C. Brice; and she is the administratrix of the estate of Charles Maybee, deceased, and one of the parties defendant in this action.

On January 20, 1975 the administrator of the estate of Norma F. Eldridge interposed his answer in this action and attached to it a copy of his own complaint in a negligence action for damages for property and personal injuries and for wrongful death against Frederick C. Brice and also Joseph S. Lauria as administrator of the estate of Mark Lauria, deceased, and Glenna J. Brice, as administratrix of the estate of Charles Maybee, deceased. He alleged that the automobile of Frederick C. Brice was being operated either by Mark Lauria or Charles Maybee with the permission of its owner.

On January 23, 1975 Joseph S. Lauria, as administrator of the estate of Mark Lauria, deceased, began a negligence action for damages for wrongful death against Frederick C. Brice and Glenna J. Brice, as administratrix of the estate of Charles Maybee, deceased, alleging that at the time of the accident the latter was driving the Brice automobile with permission.

On February 6, 1975 Aetna made its motion for trial preference of this action for declaratory judgment, noting that it had demanded a jury trial. Defendants Eldridge and Lauria opposed the motion, and Eldridge cross-moved for dismissal of the complaint or for stay of Aetna's action until after trial of the negligence actions. Defendant Glenna J. Brice, as administratrix of the Maybee estate, submitted affidavit in support of Aetna's motion for trial preference and in opposition to the

cross motion for a stay. So far as appears herein, she has not yet instituted an action for damages for the wrongful death of Charles Maybee, deceased. She has, however, interposed an answer to Aetna's complaint herein in which she denies the allegations that the Brice vehicle was being operated without permission and by an intoxicated driver. Defendant Frederick C. Brice has also answered Aetna's complaint and has made a similar denial.

On this appeal defendant Glenna J. Brice, as administratrix of the estate of Charles Maybee, deceased, and Frederick C. Brice are represented by the same counsel, who have advised the court that these defendants take no position on the issues raised herein.

It is the general rule that declaratory judgment relief should not be granted with respect to issues arising in negligence actions, for those issues will need to be tried in such actions anyway and hence to try them preliminarily in a declaratory judgment action would result in unnecessary litigation *(Downey v Merchants Mut. Ins. Co.,* 30 AD2d 171, affd 23 NY2d 989; *Nationwide Mut. Ins. Co. v Dennis,* 14 AD2d 188; and, see, *Torcivia v United States Fid. & Guar. Co.,* 52 AD2d 944). That rule, however, does not apply in a case where a major issue of fact will not be resolved in the negligence actions (see *Nationwide Mut. Ins. Co. v Dennis, supra;* 24 Carmody-Wait 2d, NY Prac, § 147:7; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.06d, p 30-45).

This case presents the unusual situation where such a major issue will not be determined in the negligence actions. Aetna, the insurer, contends that the Brice automobile was being operated without permission and that hence its assured has no liability for the damage caused in the collision, and that it has no obligation to defend the operator of the vehicle. Its assured, Frederick C. Brice, however, denies such contention and admits that the vehicle was being operated with his permission, and, in effect, contends that Aetna must defend the operator thereof in actions arising out of such operation and, if the operator is found liable for damages by reason thereof, that Aetna must pay therefor.

In view of the position taken by defendant Frederick C. Brice in his answer herein, the issue presented in this action as to whether his automobile was being operated without his permission will not be litigated in the negligence actions; and there is no way in which Aetna can require its assured,

Frederick C. Brice, to change his position (see *American Sur. Co. of N. Y. v Diamond,* 1 NY2d 594; 31 NY Jur, Insurance, § 1339).

The argument cannot be made in this case that to permit the declaratory judgment action to proceed now will deprive the parties of a jury trial of a serious issue of fact, because Aetna has demanded a jury trial in this action.

Thus, Aetna has the right in this case to have the issues of whether the vehicle was being operated without permission and by whom it was operated resolved now in this declaratory judgment action. Special Term, therefore, was correct in granting a trial preference, and its order should be affirmed.

MARSH, P. J., MOULE, DILLON and GOLDMAN, JJ., concur.

Order unanimously affirmed, without costs.