SANDRA LINCOLN, an Infant, by Her Father, KENNETH LINCOLN, et al., Plaintiffs, v VICTOR AUSTIC, Respondent, and ROBERT J. BLACK, JR., Appellant.

Third Department, January 26, 1978

### APPEARANCES OF COUNSEL

*Thaler & Thaler (Richard B. Thaler* of counsel), for appellant.

*Adams, Theisen & Ward (Henry W. Theisen* of counsel), for respondent.

### OPINION OF THE COURT

MAIN, J.

This case arises from an automobile accident which occcurred at about 5:30 A.M. on the morning of May 17, 1970. The infant plaintiff, Sandra Lincoln, the defendant, Victor Austic, and several other young people attended a school dance after which they partied for awhile and then gathered at the apartment of Michael Black, son of the defendant, Robert Black, Jr. The apartment was located in a renovated barn upon the premises of Michael's family. All of those present had consumed a quantity of beer during the evening and some had treated themselves to liquor as well. At some time in the early morning hours Michael and Sandra Lincoln became involved in an argument at the conclusion of which Michael proceeded to go to bed. Soon thereafter Sandra approached Victor Austic and asked him to drive her home. Austic consented and, having no car of his own, removed the keys to a 1964 Chevrolet Impala from the trouser pocket of his sleeping friend Michael. The Impala was owned by the defendant Black but he had apparently given his son Michael exclusive use and control of it and Austic had driven it before on a number of occasions. Austic, with Sandra and one John Post in the car proceeded to drive toward Sandra's home. Shortly thereafter the Impala was involved in a collision with another car and Sandra received personal injuries giving rise to this lawsuit. After trial, the jury rendered a verdict of no cause for action. In addition, the jury's response to the specified question, "was the defendant Austic operating the Black car with the express or implied consent of its owner, Robert Black", was in the affirmative by unanimous vote. The defendant owner, Robert Black, Jr., challenges only that part of the judgment concerning the question of consent.

On this appeal, we must preliminarily consider the threshold question of whether or not the defendant owner is an aggrieved party who can properly bring this appeal in accordance with CPLR 5511. Although not raised or briefed by the parties, the requirement that an appellant be aggrieved is jurisdictional in nature *(Tortora v La Voy,* 54 AD2d 1036), and, therefore, it is imperative that we determine the defendant owner's status relative to this issue prior to any consideration of the merits of his appeal.

Generally, in this regard, a party who has been successful below may not appeal a judgment in his favor *(Matter of Kaplan,* 7 NY2d 884). This rule is not inflexible, however, and an appeal may be taken when the judgment does not grant complete relief to the successful party (7 Weinstein-Korn-Miller, NY Civ Prac, par 5511.05). When, for example, a specific finding at trial might prejudice a party in a future proceeding by way of collateral estoppel (see, e.g., *Israel v Wood Dolson Co.,* 1 NY2d 116), it seems clear that a substantial and important right of said party has been adversely affected and that the interests of justice require that said party be permitted to appeal the adverse finding (7 Weinstein-Korn-Miller, NY Civ Prac, par 5511.06; Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5511, p 264; see, also, *Becker v Becker,* 36 NY2d 787).

Applying these principles to the case at hand, we hold that the present appeal must be allowed. From oral argument it is apparent that a second action arising out of the accident of May 17, 1970 is pending against the defendant owner wherein he may well be collaterally estopped from challenging the specific factual finding of the jury in this case that Austic was operating his automobile with his consent (cf. *Israel v Wood Dolson Co., supra).* Under these circumstances, the prejudice resulting to the defendant owner from the estoppel is obvious, and, therefore, fairness compels that he be permitted to bring this appeal.

Accordingly, we turn to the merits and specifically to the issue of whether the jury's finding that consent had been given was contrary to the weight of the evidence. Concededly, there was no express consent and our references to consent are to the implied variety. Subdivision 1 of section 388 of the Vehicle and Traffic Law provides that the owner of a motor vehicle is liable and responsible for death or injuries to

persons or property resulting from negligence in the use or operation of such vehicle by any person using or operating the same with the permission, express or implied, of such owner. Proof of ownership of a motor vehicle creates a rebuttable presumption that the driver was using the vehicle with the owner's permission (*Leotta v Plessinger*, 8 NY2d 449). This presumption continues until there is substantial evidence to the contrary (*Leotta v Plessinger*, *supra*). When, as here, the owner does offer proof tending to rebut the presumption of consent, the issue then becomes a question of fact for the jury (*Blunt v Zinni*, 32 AD2d 882, affd 27 NY2d 521; *Comstock v Beeman*, 24 AD2d 931, affd 18 NY2d 772; *Mras v Chess*, 22 AD2d 983; see *Carey v AAA Con Transp.*, 61 AD2d 113).

■ Our review of the evidence readily leads to the conclusion that the judgment should not be disturbed. The parties here both presented a substantial amount of evidence in support of their respective positions, thus presenting a clear issue of fact for the jury. Included therein was evidence to the effect that the defendant owner had given Michael unrestricted use of the car. Evidence also was produced to the effect that Austic, during a period of time just prior to the accident, had frequently driven the car pursuant to an understanding with Michael with only the requirement that he replace the gasoline he consumed. While this testimony was controverted to some extent, if found credible by the jury, it could form a basis for a finding by it that permission was implied from the prior dealings between Michael and Austic (*Smyth v Pellegrino*, 28 AD2d 537; *Comstock v Beeman*, *supra*).

■ In order to justify the setting aside of this verdict, we would have to find that the evidence was so heavily weighted against the verdict that such a finding could not have been reached upon any fair interpretation of the evidence (*Ellis v Hoelzel*, 57 AD2d 968; *McDowell v Di Pronio*, 52 AD2d 749; *Rapant v Ogsbury*, 279 App Div 298, 300). We cannot so conclude and the jury's verdict should not be disturbed.

The judgment should be affirmed, with costs.

GREENBLOTT, J. P., KANE, MIKOLL and HERLIHY, JJ., concur.

Judgment affirmed, with costs.