THOMAS F. CAREY et al., Appellants, v AAA CON TRANSPORT, INC., Respondent, et al., Defendant, and AMERICAN NATIONAL BANK AND TRUST OF NEW JERSEY et al., Appellants.

Third Department, January 26, 1978

### APPEARANCES OF COUNSEL

*Viscardi & Carney (Dominick J. Viscardi* of counsel), for Thomas F. Carey and another, appellants.

*Bower & Gardner (Benjamin Vinar, John Gardner* and *Thomas R. Newman* of counsel), for American National Bank and Trust of New Jersey and others, appellants.

*Fitzpatrick, Bennett & Trombley (Edward J. Trombley* of counsel), for respondent.

### OPINION OF THE COURT

HERLIHY, J.

The situation herein presents for the first time in our court the legal aspects of liability to third persons inherent in the respective roles of owner, transporter, and driver of a motor vehicle. To further refine the situation, the transporter is a domestic corporation doing business in New York State, the owner is a resident of New Jersey and Florida and her car was obtained by the driver in New Jersey. The facts are set forth in detail hereinafter.

Sometime prior to December 30, 1969, Mrs. Marie C. Grainger (hereinafter, owner) entered into an arrangement with AAA Con Transport, Inc. (hereinafter, AAA Con) whereby her automobile would be driven from her home in New Jersey and delivered to her in North Palm Beach, Florida, by January 4, 1970. This arrangement is witnessed by a document entitled "bill of lading" agreement and introduced in evidence at the trial herein as plaintiffs' exhibit 1 without

objection and without limitation. AAA Con in turn entered into a written agreement with the defendant Osbrach whereby Osbrach described himself as a student seeking transportation by car to Florida and in return for such transportation he would drive the owner's car to Florida. This agreement between AAA Con and the student was also introduced in evidence by the plaintiffs without objection and further recites that the driver is not an agent or employee of AAA Con and "that in the event that I [Osbrach] detour from the most direct route or delay in the delivery of this vehicle from the agreed due date on the bill of lading that I will be liable for damages".

In addition, the "bill of lading agreement" was signed by Osbrach on December 31, 1969 and there is *no* signature by the owner in the appropriate box, although the name "J.P. Wilson" appears to be written as a signature in the general area where the owner's "agent" might sign. It should also be noted that this agreement recites "shipper [owner] agrees that driver [Osbrach] is an independent contractor".

The plaintiffs alleged in paragraph 12 of the complaint that: "sometime prior to January 2nd, 1970, the defendants, Marie C. Grainger and AAA CON Transport Inc. entered into an agreement for valuable consideration whereby AAA CON Transport Inc. agreed to transport the said 1966 Cadillac automobile from a point in Mendham, New Jersey, to a point in Florida."

The defendants did not deny that allegation of the complaint in their respective pleadings and the owner specifically admitted it in her answer.

On January 2, 1970, while the owner's car was being operated by Osbrach, it was involved in a two-car accident in Ticonderoga, New York, some 300 miles north of New Jersey. Osbrach was headed northbound and plaintiffs were traveling southbound when their car was struck by Osbrach.

Osbrach has not appeared in this action. Following the presentation of the plaintiffs' evidence to the jury, the court granted a motion by AAA Con for dismissal of the action against it and denied a motion by the owner for the same relief. The owner excepted to the denial of her motion and moved for a mistrial to avoid "prejudice" resulting from the dismissal as to AAA Con. The plaintiffs excepted to the dismissal of the action against AAA Con.

The owner, having died before the trial and been substituted for by her estate, offered no evidence and the case was submitted to the jury upon the plaintiffs' proof. This resulted in verdicts in favor of Thomas Carey in the sum of $40,000 and Mary Carey in the sum of $50,000. The owner appeals from the denial of her motion to dismiss as to the owner and the grant of dismissal as to AAA Con, and the judgment entered. The plaintiffs filed an appeal from the judgment dismissing the action against AAA Con.

The primary question raised upon this appeal is whether or not the trial court erred in its dismissal of the action as to AAA Con.

■ However, before reaching the primary question, the issues relating to liability on the part of the owner must be first considered. The owner does not dispute the applicability of the rebuttable presumption in New York State that the driver was operating the car with the permission of the owner (*Leotta v Plessinger,* 8 NY2d 449; *St. Andrassy v Mooney,* 262 NY 368, 370, 371). Further, subdivision 1 of section 388 of the Vehicle and Traffic Law as it would build on such presumption provides in pertinent part: "Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from the negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner."

The intent of the Legislature in the above statutory language was to express "the policy that one injured by the negligent operation of a motor vehicle should have recourse to a financially responsible defendant [owner]." *(Continental Auto Lease Corp. v Campbell,* 19 NY2d 350, 352.)

The owner contends that despite the affirmative proof of permission on her part for Osbrach either directly from herself (agent) or as an agent of AAA Con to operate the car, there was no permission to operate it in northern New York State on January 2, 1970. As noted hereinabove the deceased owner did not put in any evidence as to permission and, of course, AAA Con did not participate in the action after the dismissal of the complaint as to it. Accordingly, the question is whether or not as a matter of law the plaintiff has provided evidence that requires a finding that the travel in northern New York State exceeded the actual permission given or the

implied permission resulting from the contractual relationships.

The plaintiffs called the policeman who investigated the accident as a witness. The court permitted him to testify as to his conversation with Osbrach but instructed the jury and parties that such conversation was not "binding" upon AAA Con or the owner. He testified that as to ownership of the car he obtained the "bill of lading agreement" and "driver's agreement" referred to hereinabove from Osbrach. He then telephoned the owner in Florida to ascertain whether or not it had been stolen. According to him the owner did not know that her car was in Ticonderoga and that it was supposed to be on its way to Florida with a young man as driver. The owner further told him that the vehicle was supposed to be "en route to me, from New Jersey to me". On cross-examination the witness testified that the owner had not told him that she had directed any specific route for travel and further, that the owner had not given anyone any instructions as to driving the car from New Jersey to Florida. This was the only witness to testify as to the relationship between the owner and Osbrach and his testimony only reaffirms the fact that the car was being operated with the owner's permission. There is nothing therein from which it could be concluded that as a matter of law the owner had restricted the permission so as to be operative only from New Jersey to Florida. The death of the owner no doubt left a vacuum as to her actual instructions.

Since the motion to dismiss as to Grainger at the close of the plaintiffs' case was denied and the motion to dismiss as to AAA Con was granted, as the result of which AAA Con presented no proof, it foreclosed the development of the record so that this court is restricted in a review of section 388 of the Vehicle and Traffic Law as it might apply to the 300-mile deviation by the driver of the Grainger automobile.

We cannot determine on this record whether as a matter of law such alleged deviation would require dismissal of the complaint as to Grainger (cf. *Lincoln v Austic,* 61 AD2d 487 [decided herewith]).

■ The only other evidence in this case relating to the permission given by the owner is the "bill of lading agreement" and the "driver's agreement". The bill of lading upon its face simply represents that the owner is engaging AAA Con to convey her car from New Jersey to Florida. The bill of

lading clearly contemplates that the actual conveyance will be done by a "driver" of the automobile who was to be "an independent contractor". No route is specified in the agreement, *but* it does refer to "excess mileage" and upon its face it was contemplated that the vehicle would be in the possession of AAA Con and/or the driver for the period of December 30, 1969 through January 4, 1970. The bill of lading does not as a matter of law establish that permission was restricted to transportation by the most direct route from New Jersey to Florida.

■ The driver's agreement is dated December 31, 1969—not signed by the owner. Other than referring to liability between AAA Con, the owner and Osbrach, it contains no direct provisions as to permission for any particular route. It clearly required the driver to deliver the car by the due date on the bill of lading (Jan. 4, 1970) and recited that the trip was being undertaken by the driver "in order to reach my own destination". The agreement does provide: "I, the driver, acknowledge and guarantee that in the event that I detour from the most direct route or delay in the delivery of this vehicle from the agreed due date on the bill of lading that I will be liable for damages."

Standing alone, that language does not seem of such import as to require a finding that permission was limited to the most direct route. It recognizes that purely personal use might be made of the car by imposing liability for damages on the driver during such excursion. The language of this restriction as to damages is not sufficiently direct to find that the owner had limited permission solely to travel to Florida from New Jersey. Such a limitation would have been simple to state; however, the agreement did not do so.

■ At most there were jury questions as to the possibility that Osbrach had so exceeded the permission of the owner as to render subdivision 1 of section 388 of the Vehicle and Traffic Law inapplicable. The owner having caused the vehicle to be operated by the driver herein for a business purpose is not unlike a lessor of the vehicle and public policy requires that any restriction in use be clearly and unequivocally established so as to limit the permission granted and avoid liability. At the very least there is established as a matter of law constructive permission by the owner through AAA Con to Osbrach to drive the vehicle for his own personal desire to reach his destination (cf. *Motor Vehicle Acc. Ind. Corp. v*

*Continental Nat. Amer. Group Co.,* 35 NY2d 260, 265). The trial court properly denied the motion on behalf of the owner for a dismissal of the action.

Having determined that the plaintiff established a *prima facie* case as to the owner, the primary question of error is the dismissal of the complaint as to AAA Con.

In the briefs the plaintiffs appear to abandon their appeal as to the judgment in favor of AAA Con. However, the owner did object to the trial order of dismissal in favor of AAA Con to the extent of moving for a mistrial and it is clear that the owner is aggrieved by the dismissal since it deprived her of the right to have liability apportioned *(Pascual v Mercado,* 44 AD2d 560; *Stein v Whitehead,* 40 AD2d 89). The contention of both plaintiffs and AAA Con that the owner waived the right to appeal this order is without any merit.

The trial court dismissed as to AAA Con because it found as a matter of law that Osbrach was an independent contractor and that contractually third parties have no right to look to AAA Con for indemnity.*

██ The trial court has erred. To simply let common carriers of vehicles who had clearly undertaken to transport such vehicles by causing them to be driven to their destination to avoid liability for New York operations would be contrary to the policy discussed in the case of *Motor Vehicle Acc. Ind. Corp. v Continental Nat. Amer. Group Co. (supra,* p 265) where the court noted: "To put it another way, these considerations of sound public policy will prevent the evasion of the liability of one leasing cars for profit (and, in turn, his insurer) via the attempted device of restrictions on or conditions of use which run counter to the recognized realities and, in a measure, disguise the transaction."

It is to be noted that section 128 of the Vehicle and Traffic Law as it defines owner does not specifically refer to a common carrier, but it does refer to one "having the property in

---

* The court stated: "On the basis that from the evidence presented the Court concludes that there is no legal cause of action on behalf of plaintiff against AAA Con; that there was a failure to establish a master-servant relationship; that the contract between AAA Con and the driver and the bill of lading contract between AAA Con and the defendant Grainger is a valid and binding contract under which the transport company, the defendant AAA Con was free to enter such a relationship as it desired; that it did so; that the contract is such that the Court does not find where third parties under the circumstances can look to AAA Con and that AAA Con has no liability to any third parties by reason of any alleged negligence in the operation of the car by the independent contractor, Osbrach."

\* \* \* a vehicle". Indeed the driver's agreement provides that, *inter alia,* he will not "sell" the vehicle.

■ Furthermore, it has been held that Congress pursuant to section 215 of the Interstate Commerce Act (US Code, tit 49, § 315) and applicable regulations of the Interstate Commerce Commission (49 CFR 1043.1 [a]; 49 CFR 1003.1 BMC 32) has subjected common carriers like AAA Con to primary public liability to the amount required by the ICC indorsement *(Allstate Ins. Co. v Federal Ins. Co.,* 23 Md App 105, mod 275 Md 460). That rule should be followed in New York.

In the case of *AAA Con Auto Transport v State Farm Mut. Ins. Co.* (537 F2d 648, cert den 434 US 859) the Court of Appeals for the Second Circuit considered the liability aspects of AAA Con's situation as a common carrier; and concluded that AAA Con may not so limit its liability as to preclude an owner from seeking to recover damages. It determined that the mandatory arbitration clause contained in AAA Con's bill of lading was "an impermissible limitation on the carrier's liability" (pp 655-656).

■ It would seem that the designation of Osbrach as an independent contractor is a similar impermissible limitation. The driver's agreement contains several controls as to the manner in which the car is to be transported. In such a situation the individual performing this work is to be considered an employee and not an independent contractor (see *Mduba v Benedictine Hosp.,* 52 AD2d 450; *Motor Vehicle Acc. Ind. Corp. v Continental Nat. Amer. Group Co.,* 35 NY2d 260, *supra).*

For the foregoing reasons the judgment must be reversed as to AAA Con and, since the liability of AAA Con under the circumstances herein is primary, a new trial is required in the interest of justice in order that the jury might assess the liability as to the respective parties. It should be noted that the plaintiffs' counsel in summation commented upon the ability of the owner to pay and to recover such damages from AAA Con and that such conduct alone would require a new trial in such a close case as this involving proof of permission by the owner. Further, the award to the plaintiff, Thomas Carey, is so excessive as to indicate the prejudice that probably resulted from the conduct of plaintiffs' counsel in summation.

The judgments should be reversed, on the law and the facts, and a new trial ordered with costs to abide the event.

GREENBLOTT, J. P., SWEENEY, MAHONEY and LARKIN, JJ., concur.

Judgments reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.