## THIRD DEPARTMENT, MAY, 1979

### (May 3, 1979)

■ In the Matter of FRANKLIN P. GAVIN, for Reinstatement as an Attorney and Counselor at Law.—Petition for reinstatement granted, effective May 3, 1979. Petitioner was suspended for a period of 18 months by order dated May 20, 1968. An Application for reinstatement filed in 1970 was denied and petitioner was disbarred by order dated May 3, 1972. The present application was referred to the Committee on Professional Standards for the Third Judicial Department and the Committee on Character and Fitness for the Third Judicial District, each of which has recommended approval. It appears that at the time of the misconduct which resulted in disbarment and suspension, petitioner was suffering from acute alcoholism. The evidence submitted on this application demonstrates that petitioner has fully recovered from that condition and that during the 11 intervening years, as an officer of the Albany Council on Alcoholism, he has made a valuable contribution to the Capital District Community by giving direct aid to persons afflicted with alcoholism and by assisting in the programmatic development of its treatment. We are satisfied that petitioner has rehabilitated himself as a useful member of society and possesses the requisite character and fitness for reinstatement as a member of the Bar. Mahoney, P. J., Greenblott, Sweeney, Main and Herlihy, JJ., concur.

■ ARNOLD JACOBY, Respondent, v RUTH JACOBY, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered May 23, 1977 in Montgomery County, which vacated a prior order modifying a temporary restraining order against defendant. The parties were divorced in June, 1976. A separation agreement was incorporated into the divorce decree which provided that respondent was to receive certain personal property. In December, 1976, an order to show cause was signed returnable January 19, 1977, which contained a temporary restraining order prohibiting appellant from disposing of any of her or respondent's property. According to appellant's brief, a cross motion by appellant was also returnable on January 19, 1977, which sought to dismiss the temporary restraining order and, alternatively, for a hearing on the legality of the temporary restraining order. By an order entered March 25, 1977, the temporary restraining order was modified. The instant appeal is from an order, entered May 23, 1977, which vacated the order of March 25, 1977 and dismissed the proceedings. Appellant contends on this appeal that the order of May 18, 1977 should be reversed on the ground that no hearing was held to ascertain the damages sustained by appellant as a result of the temporary restraining order. Although appellant's cross motion papers are not contained in the record on appeal, in appellant's own brief it is stated that the request for dismissal of the temporary restraining order and the request for a hearing were moved for in the alternative. In view of the fact that the order being appealed from vacated the temporary restraining order, appellant was successful at Special Term. As a general rule, a party who has been successful below may not appeal a judgment in his favor (Lincoln v Austic, 60 AD2d 487). Since appellant was granted the alternative relief requested, we find no circumstances presented necessitating our deviation from this rule. Accordingly, the order must be affirmed. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.