■ AETNA CASUALTY AND SURETY COMPANY, Respondent, v GLENNA J. BRICE, as Administratrix of the Estate of CHARLES MAYBEE, Deceased, et al., Defendants, and JOSEPH S. LAURIA, as Administrator of the Estate of MARK LAURIA, Deceased, et al., Appellants.—Judgment and order affirmed, without costs. Memorandum: On March 8, 1974 a Mustang automobile owned by Frederick Brice and operated by decedent Charles Maybee collided with a vehicle operated by Norma Eldridge. Eldridge and Mark Lauria, Maybee's passenger, died as the result of injuries received in the accident, as did Maybee, and the representatives of their estates, appellants here, have commenced actions against Maybee's administrator and Frederick Brice as the owner of the vehicle. Plaintiff is the insurer of Frederick Brice. It brought this action seeking a judgment declaring that Maybee was not operating the insured vehicle with the consent and permission of the owner. The owner takes no position on the issue of consent, although he first alleged that the vehicle was operated with his consent (see *Aetna Cas. & Sur. Co. v Lauria*, 54 AD2d 183). Appellants also question the timeliness of plaintiff's disclaimer. A jury has found that the Brice vehicle was being operated without the owner's consent and that plaintiff's disclaimer was timely. Subdivision 1 of section 388 of the Vehicle and Traffic Law provides in pertinent part: "Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle * * * by any person using or operating the same with the permission, express or implied of such owner." The intent of the Legislature in this statutory language was to express "the policy that one injured by the negligent operation of a motor vehicle should have recourse to a financially responsi-

ble defendant [i.e., the owner]" *(Continental Auto Lease Corp. v Campbell,* 19 NY2d 350, 352; *Carey v AAA Con Transp.,* 61 AD2d 113). To that end, there is a presumption of consent created by the statute, a presumption which has been characterized as "very strong" (see *Blunt v Zinni,* 32 AD2d 882, 883, affd 27 NY2d 521; *Lincoln v Austic,* 60 AD2d 487, 491) and which continues until there is substantial evidence to the contrary to overcome it *(Leotta v Plessinger,* 8 NY2d 449, 461). It is a form of presumption of regularity (see *Fiocco v Carver,* 234 NY 219, 222). An owner may deny another the use of his vehicle, of course, but the unauthorized possession of a motor vehicle being a crime, lack of consent is not to be inferred ordinarily. Similarly, an owner may restrict the use of a vehicle in the hands of another, and such restriction, if violated, would mean that the vehicle was being driven without the owner's permission *(Chaika v Vandenberg,* 252 NY 101, 106; *De Lancey v Nationwide Ins. Co.,* 26 AD2d 631, 632; and cf. *Arcara v Moresse,* 258 NY 211). An owner is not liable for the negligence of another in operating his vehicle at a time *(Rachon v Cheuvant,* 37 AD2d 911, 912) or for a purpose outside the terms of the consent given *(Harper v Parker,* 12 AD2d 327, 330, affd 11 NY2d 1095). Appellants had the burden of proving consent, but upon proving Brice's ownership they had the benefit of this rebuttable presumption that Maybee was operating the auto with the owner's permission. Plaintiff offered substantial evidence to the contrary, tending to rebut the presumption, thereby raising issues of fact and credibility for the jury (see *Blunt v Zinni, supra; Comstock v Beeman,* 24 AD2d 931, affd 18 NY2d 772; *Lincoln v Austic, supra; Ryder v Cue Car Rental,* 32 AD2d 143, 147; *Mras v Chess,* 22 AD2d 983, 984). Concededly, Brice did not give Maybee express permission to drive his auto on the night of this accident. Appellants maintain, however, that Maybee did have the owner's implied permission. They have sought to prove as much from the prior dealings between the parties (see *Lincoln v Austic, supra).* The evidence at the trial developed that at the time of the accident Frederick Brice had been dating Charles Maybee's mother for some months (they are now married) and he had on occasion permitted Maybee, a junior operator, to drive his Mustang. On the night of the accident Charles Maybee's older sister, Melinda, asked to use Brice's car to go to a party and, because the mother and Brice wished to use the larger family car, Brice gave his car keys to Melinda so that she might drive to the party. She left home sometime around 8:00 P.M. Her brother arrived at the party separately. At about 11:00 P.M., without his sister's knowledge or consent, he took the car keys from Melinda's jacket pocket, left the party and subsequently had the accident resulting in his death and the deaths of appellants' intestates. Under the facts recited the question of implied consent was for the jury and, it having resolved the issue against appellants, we are not warranted in setting aside its finding. Appellants also seek to reverse the jury's finding that plaintiff's disclaimer was timely. In order effectively to disclaim liability or deny coverage for death or bodily injury under an automobile liability insurance policy, an insurer must "give written notice [of such disclaimer] as soon as is reasonably possible" (Insurance Law, § 167, subd 8; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028). If it fails to do so, it is precluded from disclaiming (see *Allstate Ins. Co. v Gross,* 27 NY2d 263; *Matter of Allstate Ins. Co. [Frank],* 44 NY2d 897). No particular time lapse is deemed undue delay. Reasonableness is the standard by which the insurer's action is judged and reasonableness is a question of fact determined upon the circumstances of the case which require the insurer to take more or less time to make, complete and act diligently on the investigation

of its coverage (see *Hartford Ins. Co. v County of Nassau, supra,* p 1030). It is only in the exceptional case that the issue may be decided as a matter of law (see *Hartford Ins. Co. v County of Nassau, supra,* p 1030). This accident occurred on March 8, 1974 and plaintiff disclaimed on July 15, 1974. As Trial Term noted in its memorandum decision denying appellants' posttrial motion, plaintiff's "investigation faced several obstacles. Since all persons in the two cars were fatalities, a question arose as to who drove the Maybee-Lauria vehicle and concomitantly, whether that person had permission to drive. Intoxication was also an issue as well as whether the automobile was involved in a speed race * * * They were each subject to the legitimate review of the insurance company in its determination whether or not to disclaim". The evidence also indicated that plaintiff had considerable difficulty obtaining some of the evidence and resolving several of the fact questions. Indeed, the question of who was driving the car was not determined until the trial of this action. Although plaintiff's disclaimer may have been based ultimately on facts known to it as early as April 4, as appellants' counsel contends, plaintiff could not have been aware that it had all the necessary facts until a reasonable investigation was in fact concluded. We find no basis, therefore, to disturb the jury's verdict. We have considered the other points in the brief and find them to be without merit. All concur, except Cardamone, J. P., and Callahan, J., who dissent and vote to reverse and dismiss the complaint in the following memorandum.

Cardamone and Callahan, JJ. (dissenting). We dissent. We previously affirmed a Special Term ruling in this case granting a preference and permitting Aetna's actions for declaratory judgment to proceed before a jury on the issue of consent *(Aetna Cas. & Sur. Co. v Lauria,* 54 AD2d 183). At that time, we noted that defendant Brice in his answer denied that his vehicle was being operated without his consent. Subdivision 1 of section 388 of the Vehicle and Traffic Law provides that every owner of a vehicle is liable and responsible for death or injury to another person or property resulting from the negligent care of operation of that vehicle by any person operating the same with the express or implied permission of the owner. The intent of this statute was to express "the policy that one injured by the negligent operation of a motor vehicle should have recourse to a financially responsible defendant [owner]." *(Carey v AAA Con Transp.,* 61 AD2d 113, 117).* Proof of ownership of a vehicle creates a rebuttable presumption that the driver was using the vehicle with the owner's permission express or implied *(Leotta v Plessinger,* 8 NY2d 449). The presumption created by subdivision 1 of section 388 of the Vehicle and Traffic Law has been characterized as "very strong" and continues until there is substantial evidence to the contrary *(Blunt v Zinni,* 32 AD2d 882, affd 27 NY2d 521). It is undisputed that on March 8, 1974 Brice, for his convenience, traded cars with Melinda Maybee, who had driven her mother's station wagon to work. Consequently at the time in issue the Brice vehicle was *de facto* "the family car". It must be accorded that status when subject to review pursuant to subdivision 1 of section 388 of the Vehicle and Traffic Law. Charles' mother acknowledges that she allowed her son to drive after dark when he was accompanied by a senior licensed driver. At the time of the accident his companion, Mark Lauria, had a senior operator's license. Furthermore, a review of the records reveals a close "family-like" relationship between Brice and the Maybee children during the engagement period. While an owner may reasonably restrict the use of a vehicle in the hands of another, and such restriction, if violated, would mean that the vehicle was being driven without the owner's permission *(Arcara v Moresse,* 258 NY 211), the

owner in this case admitted that he permitted the Maybee boy to use the car on a fairly regular basis. He knew Charles and Melinda were to attend a party that evening and that although no specific permission was given to Charles to drive the car that night he treated the two children as his own and stated that it made no difference to him which of them drove the car. Accordingly in our view from all of this, Aetna failed as a matter of law to rebut the presumption in favor of permission and the trial court should have dismissed the complaint at the conclusion of the plaintiff's case. (Appeals from judgment and order of Erie Supreme Court—declaratory judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.