■ STEPHEN KIJEWSKI et al., Infants, by Their Mother and Natural Guardian, JANET KIJEWSKI, et al., Respondents-Appellants, v MICHAEL V. JURGRAU et al., Appellants-Respondents, and GENERAL MOTORS CORPORATION, Respondent. — Judgment, Supreme Court, New York County (Gammerman, J.), entered on March 10, 1982, unanimously reversed, on the law and the facts, and a new trial ordered on the issue of damages only without costs and without disbursements, unless plaintiff Stephen Kijewski, within 20 days after service upon him of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in his favor to $1,250,000, and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment, as so amended and reduced, is affirmed, without costs and without disbursements. After review of the record, the damages appear to us to be excessive to the extent indicated. We have carefully examined the other errors alleged by the several parties and find no basis in the record for disturbing the judgment. Specifically we find that factual issues for the jury's determination were presented with regard to the liability of Bernard Kijewski, his employer Atalanta Corporation (Atalanta), and General Motors Corporation; that the trial court properly instructed the jury on the issues; and that the jury verdict was in all respects supported by the evidence. As to the finding of liability with regard to Atalanta, we note that Bernard Kijewski was a salesman employed by that company, with exclusive responsibility for servicing the company's accounts in Michigan, which he visited from time to time; that he and the company had agreed that he should take his family to Michigan so that they could evaluate the area for possible relocation; and that it was company policy to reimburse the family of its employees for expenses incurred in connection with such preliminary investigation into a potential relocation area. Kijewski testified that the accident occurred while he was en route with his family to Michigan pursuant to this arrangement with the company. Nothing in the record suggests that the route pursued was an inappropriate one for that purpose. The fact that he intended to stop over at Niagara Falls so that he and his family could view that site in no way impairs the essential business character of the trip as testified to by him. (Cf. *De Lancey v Nationwide Ins. Co.*, 26 AD2d 631, affd 20 NY2d 807.) He was unequivocal in his testimony that the accident occurred en route to Michigan and that he had reserved his vacation for a later period after completion of the trip for the purpose agreed to by him and Atalanta. At best, the testimony of Atalanta's executive that he understood that Kijewski was to take his vacation before going with his family to Michigan presented a factual issue for the jury. The issue was fairly presented to the jury in a charge that was not objected to by Atalanta, and the evidence fully supported the jury's determination that the accident occurred during the

scope of Kijewski's employment. (See *Riviello v Waldron,* 47 NY2d 297.) Concur — Kupferman, J. P., Sandler, Carro, Asch and Fein, JJ.