■ WILLIAM HARRISON, Respondent, v ALBERT E. MALCOLM, Defendant, and SHIRLEY RASHEED, Appellant.—Order, Supreme Court, Bronx County (Howard Silver, J.), entered December 3, 1991, to the extent that it granted plaintiff's motion to strike the third affirmative defense of defendant Rasheed, after having referred the issue of service for a hearing and report, unanimously reversed on the law and the facts and in the exercise of discretion, and so much of that motion is denied and the defense is reinstated, without costs.

Where a non-resident vehicle owner grants permission for another to operate the vehicle in this State, and such operation results in tortious injury, an action may be commenced in our courts against such owner by service of process upon the Secretary of State (Vehicle and Traffic Law § 253). When the owner's consent is contested, personal jurisdiction under section 253 becomes dependent upon resolution of that substantive question. A contested issue of consent becomes a question for the trier of facts *(Lincoln v Austic,* 60 AD2d 487, *lv denied* 44 NY2d 644). And where the substantive issue is inextricably intertwined with a procedural point, that combined issue should be resolved by the trier of fact. The defendant owner, who noted her objection at the outset of the hearing while declining to offer any affirmative proof at that reference, did

not thereby waive her entitlement to a jury trial *(cf.,* CPLR 2218). Thus, it was error for the question of personal jurisdiction under section 253 to have been referred to a Judicial Hearing Officer for pre-trial determination. Concur—Sullivan, J. P., Carro, Milonas, Wallach and Kupferman, JJ.