■ JOHN J. DUNBAR, Respondent, v FIRST NATIONAL BANK OF SCOTIA, Appellant.—Appeal from a judgment of the Schenectady County Court in favor of plaintiff, entered March 16, 1977, upon a verdict rendered at Trial Term. At 9:00 A.M. on November 17, 1975, the plaintiff entered the main branch of the defendant bank in order to place a stop payment order on a $1,000 personal check. The stop order was made out at 9:05 A.M. The employee who received the stop payment order from plaintiff then proceeded to telephone the branch offices of the bank and the tellers at the drive-in windows. She then circulated the stop order to the tellers at the main branch. The telephone calls were apparently completed at approximately 9:25 A.M. Although the stop order was then sent to the tellers, it apparently was not circulated until 11:55 A.M. Sometime in the morning of November 17, 1975 the wife of the payee of the check entered the main branch of defendant bank, where the stop payment order originated, and cashed the check. The teller who cashed the check did not receive notice of the stop payment order until 12:30 P.M. although she testified that she cashed the check prior to 10:15 A.M. The wife of the payee testified that she arrived at the bank at 9:10 A.M. It appears from the records that the check was taken to a bank officer for approval and then cashed. The plaintiff brought an action against the bank claiming that defendant negligently paid the check despite the stop payment order. Following a jury trial the plaintiff was awarded judgment and this appeal ensued. A customer may, by order, stop payment on a check provided the order is received at such time and in such manner as to afford the bank a reasonable time to act (Uniform Commercial Code, § 4-403). The issue of whether or not the defendant bank had a reasonable time to act resolves into a question of fact for the jury and the jury's finding will not be disturbed unless we determine that the finding could not have been reached upon any fair interpretation of the evidence *(Lincoln v Austic,* 60 AD2d 487). Considering that the check was cashed at the same branch of defendant bank that the stop payment order was received, and based upon our examination of the entire record, we are unable to conclude that the jury's finding could not have been reached upon any fair interpretation of the evidence. The judgment, therefore, must be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.