OPINION OF THE COURT
Joseph J. Saladino, J.
The plaintiff is suing the defendant Chemical Bank for the sum of $57.04, which plaintiff claims should be the present balance of his passbook savings account at defendant bank. Chemical Bank’s defense is that the rules and regulations of the bank provide that where the account is under $200, they are entitled to a monthly service charge. The bank claims that the balance of plaintiff’s account is now approximately $32, due to setoff for the service charge. The bank justifies its right to setoff by pointing to the contract between the parties, alleging that when the account was opened, the plaintiff agreed to abide by the rules and regulations of the bank.
On or about February, 1982, the bank changed its rules and regulations, declaring a monthly service charge on certain savings accounts which do not maintain a specified “minimum balance.” By changing the rules and regulations, the bank claims the authority to unilaterally withdraw money from the account. Plaintiff argues that his account should not have been debited since he never received notice of the rules regarding monthly service charges. The defendant further claims that a form letter was sent out to all depositors spelling out this policy *208 change, and that signs were put up in the bank, putting depositors on notice of that change. Defendant contends that the plaintiff knew or should have known about the new policy time. No proof was offered by the bank to show that the depositor received the form letter.
This court finds it rather repugnant that a bank may unilaterally change a rule and thereby confiscate plaintiff’s funds by merely writing a form letter and temporarily posting signs at the bank. Plaintiff testified that he never got any such letter, nor did he go to the bank during that period of time, so he could not have seen those signs.
It is the position of this court that the bank has no right to take someone’s money unilaterally without giving him sufficient notice. With the volume of junkmail that is received in the average home today, what duty does a depositor have in reading all this printed pro forma correspondence, even assuming he did receive it? Moreover, after the bank withdrew a few service charges shouldn’t the bank, under the circumstances, have a duty to send a registered letter or make a phone call to the individual depositor and make sure that he is aware that they have taken his money, rather than just deduct it continually to the point where there will be no money left or a minus balance? I find that this result is unconscionable and, therefore, award judgment for the depositor, compelling the bank to return his balance plus interest.
The court recognizes that the bank has the power generally to receive money upon deposit subject to the terms and conditions prescribed by the bank. (Banking Law, § 96, subd 3, par [a].) However, under the circumstances, the court finds the contract between the depositor and the bank to have been unconscionable at the time it was made, since it would allow the bank to confiscate money in the depositor’s account without adequately notifying the depositor of the reasons therefor. No agreement between the bank and its depositors can disclaim a bank’s responsibility for its own lack of good faith or failure to exercise ordinary care. Under the circumstances, the court finds the bank’s agreement with its depositor to be manifestly unreasonable. (See Uniform Commercial Code, § 4-103, subd [1]; cf. Giummo v Citibank, 107 Misc 2d 895 [plaintiff *209 entitled to summary judgment where bank failed to notify customer regarding withdrawal of free checking privileges].)
Judgment for the plaintiff. Defendant is directed to return to plaintiff the original balance in his account, plus interest, with no setoff for monthly service charges.