STANEK v NATIONAL BANK OF DETROIT

Docket No. 92287. Submitted December 8, 1987, at Detroit. Decided
    October 3, 1988. Leave to appeal applied for.

Helen Stanek wrote a personal check for $197 payable to West-
    ern Glass Company and drawn on the account of Charles and
    Helen Stanek with the National Bank of Detroit. At 9:35 A.M.
    the following day, Helen Stanek went to a bank branch and
    issued a stop payment order on the check. The order was
    entered into the bank's computer system five minutes later. On
    that same day, Western Glass negotiated the check at the
    bank's main office. Plaintiffs, Charles and Helen Stanek,
    brought an action in the 52-3 Judicial District Court seeking
    recovery of the $197. The bank moved for summary disposition
    claiming that there was no genuine issue of material fact and
    that it was entitled to a judgment as a matter of law based on
    language in the stop payment order giving the bank a reason-
    able time to act under the order and defining reasonable time
    as one full banking day. The district court found that § 4-403 of
    the Uniform Commercial Code, which contains a reasonable
    opportunity to act provision but does not define reasonable
    opportunity to act, controlled the determination on the motion
    and that defendant did not have reasonable time, i.e., one full
    banking day, to act on the stop payment order. Plaintiffs
    appealed to the Oakland Circuit Court. The circuit court,
    Norman Lippitt, J., affirmed the district court's order granting
    defendant's motion for summary disposition and dismissing
    plaintiffs' cause of action with prejudice. Plaintiffs appealed.

The Court of Appeals held:

1. Summary disposition was not precluded on the ground that
a material factual issue existed regarding whether the check
was cashed before or after the stop payment order was entered
into the bank's computer system since the bank only asserted

REFERENCES

Am Jur 2d, Banks § 641 et seq.

Stipulation relieving bank from, or limiting its liability for disre-
    gard of, stop-payment order. 1 ALR2d 1155.

Banks and banking: construction and effect of UCC sec. 4-403(2)
    regulating oral or written nature of stop-payment order. 29
    ALR4th 228.

that the order was ineffective due to the reasonable time requirement.

2. The district court erred in concluding that one full banking day was required as a matter of law to allow defendant a reasonable time to act on the order. It is for the trier of fact to determine what length of time constitutes a reasonable opportunity to act under § 4-403 of the UCC. Section 4-103(1) of the UCC, which provides that no agreement can disclaim a bank's responsibility for its own failure to exercise ordinary care or can limit the measure of damages for such failure, indicates that the exculpatory clause in the stop payment order, which absolves the bank from liability for payment over the order, even if due to its own lack of ordinary care, for a period of one full banking day, is not binding on the parties.

Reversed and remanded.

1. BANKS AND BANKING — ORDINARY CARE.

A bank cannot by agreement disclaim responsibility for its own failure to exercise ordinary care or limit the measure of damages for such lack or failure (MCL 440.4103[1]; MSA 19.4103[1]).

2. BANKS AND BANKING — STOP PAYMENT ORDERS.

A customer may by order to his bank stop payment on any item payable for his account where the order is received at such time and in such manner as to afford the bank a reasonable opportunity to act on it; it is for the trier of fact to determine what length of time constitutes a reasonable opportunity to act and such determination is dependent on the particular facts of each case (MCL 440.4403[1]; MSA 19.4403[1]).

*Small & Logan* (by *William G. Small*), for plaintiffs.

*Henry J. Shymanski,* for defendant.

Before: KELLY, P.J., and MACKENZIE and P. D. SCHAEFER,* JJ.

MACKENZIE, J. Plaintiffs appeal by leave granted from a circuit court order affirming an order of the district court which granted defendant's motion for summary disposition and dismissed plaintiffs' cause of action with prejudice. We reverse.

* Circuit judge, sitting on the Court of Appeals by assignment.

On February 18, 1985, plaintiff Helen Stanek wrote a $197 personal check payable to Western Glass Company and drawn on plaintiffs' account with defendant bank. The next day, February 19, 1985, at 9:35 A.M., Helen Stanek went to a bank branch and issued a stop payment order on the check. According to bank records, the stop payment order was entered into defendant's computer system five minutes later.

Sometime the same day, February 19, 1985, Western Glass negotiated the check at defendant's main office. The teller's stamp on the check indicates that it was the ninth transaction of the day for that particular teller.

Plaintiffs brought this action in district court seeking recovery of the $197. Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10), claiming that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. In support of the motion, defendant cited the following language which appeared on the stop payment order:

It is understood that this stop payment order is not effective if said check shall have been accepted, certified, or cashed at any one of the Banks' offices or otherwise paid by the Bank as provided in the Uniform Commercial Code without actual notice of this stop payment order or before the Bank has a reasonable time to act under this order. It is agreed that "reasonable time" as used herein shall mean one (1) full banking day.

In response to defendant's motion, Helen Stanek executed an affidavit stating that when she told a bank employee she wanted to stop payment on the check the employee verified by computer that the check had not been cashed. She then asked if anyone could cash the check at another bank

branch. The employee responded that, since the stop payment order was entered on the computer, no one could cash the check from that time forward.

At a hearing on defendant's motion, the district court found § 4-403 of the Uniform Commercial Code controlling. That section provides:

> A customer may by order to his bank stop payment of any item payable for his account but the order must be received at such time and in such manner as to afford the bank a reasonable opportunity to act on it prior to any action by the bank with respect to the item described in section 4303. [MCL 440.4403(1); MSA 19.4403(1).]

The district court determined that for purposes of this statute a bank with a computer system would not be held to a higher standard than a bank without such advanced technology and concluded that the bank did not have a reasonable time, i.e., one full banking day, to act on plaintiffs' stop payment order. The circuit court affirmed.

On appeal, plaintiffs first contend that whether the check was cashed before or after the stop payment order was entered into defendant's computer system was a material fact at issue and should have precluded summary disposition. We disagree.

It is true that the parties' stop payment order provided that it was to be ineffective under certain conditions, including that the check had already been cashed at the time the order was made. It is also true that since plaintiffs were the nonmoving party, and entitled to have all inferences drawn in their favor, the trial court could have found that the check was paid after the stop payment order was entered into defendant's computer. However, the stop payment order also included the require-

ment that the bank have "a reasonable time to act" pursuant to the order. Defendant has only asserted that the stop payment order was ineffective due to the reasonable time requirement, and not because the check had already been cashed. Thus, whether the check was cashed before or after the stop payment order was made was not material as the case was presented to the district court. Summary disposition was therefore not precluded for the reason asserted by plaintiffs.

Plaintiffs next contend that the district court erred in concluding that one full banking day was required as a matter of law to allow defendant a reasonable time to act on the stop payment order. On this point, we agree with plaintiffs.

It was defendant's argument, and the district court's holding, that the parties, by the language on the stop payment order, contracted to define "reasonable opportunity to act" as one full banking day and that, therefore, one full banking day is the standard to which defendant is held as a matter of law. Defendant maintains that, even in the event of negligence on its part, any lack of ordinary care is excused for a period of one full banking day by virtue of the exculpatory language on the stop payment order.

We conclude that defendant's position must fail in light of MCL 440.4103(1); MSA 19.4103(1), which provides that "no agreement can disclaim a bank's responsibility for its own . . . failure to exercise ordinary care or can limit the measure of damages for such lack or failure." While there are no Michigan cases interpreting this language, courts in other jurisdictions have construed this section of the Uniform Commercial Code to void exculpatory clauses on bank forms. See, e.g., *Gillen v Maryland National Bank,* 274 Md 96; 333 A2d 329

(1975); *Levy v Chemical Bank,* 124 Misc 2d 207; 475 NYS2d 771 (1984).

Both *Gillen* and *Levy* held that no agreement between a bank and its depositor may relieve the bank of its responsibility for its own lack of good faith or failure to exercise ordinary care. While neither of these cases deals specifically with stop payment orders or the definition of reasonable opportunity to act, in the majority of states such exculpatory clauses are struck down for public policy or failure of consideration reasons. "Any agreement to the contrary is invalid under section 4-103(1) if in paying the item over the stop payment order the bank has failed to exercise ordinary care." Graziano, *Computerized Stop Payment Orders Under the UCC: Reasonable Care or Customer Beware?,* 90 Comm LJ 550, 559, n 88 (1985).

In this case, the language of the stop payment order attempts to absolve defendant from liability for payment over the stop order, even if due to its own lack of ordinary care, for a period of one full banking day. Based upon the authority of other jurisdictions, we conclude that this phrase is an exculpatory clause which should not be binding on the parties. Instead, it is for the trier of fact to determine what length of time constitutes a "reasonable opportunity to act" under MCL 440.4403(1); MSA 19.4403(1).

Courts in other jurisdictions which have addressed the question of what constitutes a reasonable opportunity for a bank to act on a stop payment order have determined that the reasonableness is dependent on the particular facts of each case. Less than one full banking day has been determined to be a reasonable opportunity to act. *Chute v Bank One of Akron,* 10 Ohio App 3d 122; 460 NE2d 720 (1983). In *Chute,* bank personnel testified that a stop payment order can be placed

on an account by computer within a short time after it is received and that once it is placed on the computer the information is immediately available to all other branches of the bank. *Id.* at 124. Other cases also mentioned that the availability and use of computer technology by the bank may shorten the amount of time considered a reasonable opportunity to act. *Capital Bank v Schuler,* 421 So 2d 633 (Fla App, 1982).

Case law from other jurisdictions suggests that this time limit definitely expires when the tellers have actual knowledge of the stop payment order. *Dunbar v First National Bank of Scotia,* 63 AD2d 755; 404 NYS2d 722 (1978); *Chute, supra.* In the *Dunbar* case, all tellers had been notified verbally of the stop payment order, and in *Chute,* the order had been entered in the computer system prior to the presentment of the check. Both *Dunbar* and *Chute* noted, however, that the question of what constitutes a reasonable opportunity to act is a question of fact to be determined by the trier of fact based upon factors such as those mentioned above. *Dunbar,* 755; *Chute,* 124.

Considering the above principles in light of the facts of the instant case, the terms contained in the stop payment order were tantamount to an exculpatory clause which should not be binding between the parties. It was for the trier of fact to determine whether defendant had a reasonable opportunity to act under MCL 440.4403(1); MSA 19.4403(1). Accordingly, we reverse the orders of the district court and circuit court and remand for further proceedings.

Reversed and remanded.