OPINION OF THE COURT
Joseph D. Mintz, J.
Plaintiff moves for summary judgment and defendant cross-moves for summary judgment in this action for the recovery of funds paid by defendant to Robert Hochadel, Jr. The following facts are not in dispute:
*472 Plaintiff opened a checking account at the Military Road branch of defendant bank. On December 2, 1992, plaintiff executed a power of attorney in favor of Mr. Hochadel at the same Military Road branch. On January 5, 1994, at 9:14 a.m., plaintiff appeared at the Military Road branch for the purpose of revoking the power of attorney. She met with Beverly Franasiak, an assistant manager of the Military Road branch, who had plaintiff execute a written revocation of the power of attorney. Plaintiff expressed to Ms. Franasiak the reason for the revocation and her fear that Mr. Hochadel would attempt to remove all of the funds in the account. Ms. Franasiak marked the original of the power of attorney, "Revoked 1/5/94 9:15am.”
Later that morning, approximately one hour after the plaintiff’s revocation of the power of attorney, Mr. Hochadel entered the Military Road branch with a check on the account made payable to "Robert J. Hochadel, Jr.” for $15,840.69 which was signed by Robert J. Hochadel, Jr. The check was cashed, and $15,840.69 was debited to plaintiff’s account.
Plaintiff was not informed at the time of the revocation of the power of attorney that it would not be effective immediately. However, the agreement that plaintiff signed which gave Mr. Hochadel the power of attorney did contain the following language: "Until [the bank] ha[s] receive[d] and had a reasonable time to act on written notice of cancellation of the authority given [the] representative in this agreement, [the bank] can accept without question any act done by him or her apparently under the authority * * * A reasonable time for [the bank] to act on any notice of cancellation will not end until at least the close of business of the next banking day after [the bank] receivefs] the notice.”
During the period in excess of one year that Mr. Hochadel had the power of attorney, it was not unusual for him to deposit checks made payable to a third party and indorsed over to him. The bank officers believed that he was cashing checks for customers of his bar and depositing the checks into the account. Thus the bank officers believed that he had some claim to some of the funds in the account.
Plaintiff’s motion for summary judgment is on the basis of defendant’s fourth affirmative defense based upon mistake. Plaintiff asserts that this defense constitutes an admission that the defendant acted wrongfully. It is clear from the defendant’s answer that the defendant had raised several *473 affirmative defenses in the alternative. Furthermore, defendant has denied all but the first of the allegations in plaintiffs complaint. There is no admission in the answer and the affirmative defense will not constitute an admission. However, the entirety of plaintiffs claim will be examined in her motion for summary judgment.
Defendant’s cross motion for summary judgment is based upon its third affirmative defense that it had insufficient time to act upon the cancellation of the power of attorney. Defendant relies primarily on the quoted language contained in the power of attorney agreement. UCC 4-303 (1) provides in pertinent part: "Any * * * notice * * * received by * * * a payor bank, whether or not effective under other rules of law to terminate, suspend or modify the bank’s right or duty to pay an item or to charge its customer’s account for the item, comes too late to so terminate, suspend or modify such right or duty if the * * * notice * * * is received * * * and a reasonable time for the bank to act thereon expires * * * after the bank has * * * paid the item in cash.” UCC 4-103 (1) provides in pertinent part: "[N]o agreement can disclaim a bank’s responsibility for its own lack of good faith or failure to exercise ordinary care or can limit the measure of damages for such lack or failure; but the parties may by agreement determine the standards by which such responsibility is to be measured if such standards are not manifestly unreasonable.” Defendant claims that under UCC 4-303 it had a reasonable time to act upon the cancellation of the power of attorney and that it paid on Mr. Hochadel’s check before the reasonable time had passed, and further maintains that the agreement between the parties provided for what constitutes reasonable time.
The language of the power of attorney agreement has to be examined in a light most favorable to the plaintiff, and against the bank which drafted it. (SOS Oil Corp. v Norstar Bank, 76 NY2d 561 [1990].) While the parties may formulate their own definition of reasonable time, it is not effective if the time fixed is manifestly unreasonable. (Rapp v Dime Sav. Bank, 48 NY2d 658 [1979].) Whether a time so formulated is unreasonable is a question of fact based upon all of the circumstances.
There appears to be no reported case in New York wherein the question of what constitutes a reasonable time for a stop-payment order or other notice is addressed. The question has been addressed in other jurisdictions involving the identical *474 provisions of the Uniform Commercial Code. In Stanek v National Bank (171 Mich App 734, 430 NW2d 819 [1988]) the court addressed a provision in an account agreement that provided the bank had a full day to act upon a stop-payment order. The court refused to grant the bank summary judgment, holding that the reasonableness of such a provision, despite UCC 4-103, required an examination of all of the facts and circumstances in the particular case, and that the bank could not simply invoke the protection of the agreement’s provision that a reasonable time constituted one full day.
The reasonableness of the time formulation may be affected by the bank’s own procedure. Several courts have held that the advent of computerization may shorten what constitutes a reasonable time. (See, e.g., Capital Bank v Schuler, 421 So 2d 633 [Fla Ct App 1982].) Also relevant is when tellers at the branch in question gain actual knowledge of the stop-payment order. (Dunbar v First Natl. Bank, 63 AD2d 755 [3d Dept 1978].) Plaintiff has brought forth sufficient facts to raise an issue as to what constitutes a reasonable time to allow defendant to act upon the cancellation of the power of attorney. For this reason, defendant’s motion for summary judgment is denied.
Furthermore, Mr. Hochadel presented defendant with a check that defendant paid in cash. While defendant may be a holder in due course of the check under UCC 3-303, defendant took the check subject to any claims of which it had actual or constructive notice. While the fact that the check was made payable to Mr. Hochadel himself and was for close to the entire balance may not, in and of itself, give notice to the bank (Matter of Knox, 64 NY2d 434 [1985]), these facts coupled with plaintiff’s cancellation of the power of attorney, and the fear she expressed that Mr. Hochadel would empty the account, may have constituted sufficient notice of her claim to the check. While the burden is upon plaintiff to show the extent of her claim, a material factual issue exists as to whether the defendant took the check subject to the claim.
The existence of these factual issues also precludes the granting of summary judgment to the plaintiff. In addition, the plaintiff has the burden of showing the extent of her loss. *475 (Dinerman v National Bank, 89 Misc 2d 164 [Sup Ct, Queens County 1977].) Her loss is limited by any entitlement Mr. Hochadel would have to the funds in the account.
For the foregoing reasons, the plaintiffs motion is denied and the defendant’s cross motion is denied.