Memorandum. Special Term granted the plaintiff a judgment of divorce upon two grounds: (1) that the parties were living apart for at least a year after the granting of a judgment in a separation action, in accordance with subdivision (5) of section 170 of the Domestic Relations Law; and (2) cruel and inhuman treatment, in accordance with subdivision (1) of section 170 of the Domestic Relations Law. The Appellate Division unanimously modified the judgment by striking from the first decretal paragraph any reference to the parties "having lived apart after the granting of a judgment of separation for a period of one or more years”, and affirmed, by a divided court, the judgment granting the divorce on the ground of cruel and inhuman treatment.
 

 Although it can be argued that in a technical sense the plaintiff is not aggrieved by the Appellate Division modification which did not deprive her of the judgment of divorce, her appeal should not be dismissed. In a matrimonial action, at least, where important rights may turn on the grounds upon which a judgment is based, the nominally successful party might in a practical sense be aggrieved when on appeal one of those grounds is stricken. (Cf. 7 Weinstein-Korn-Miller, NY Civ Prac, par 5511.06; Cohen and Karger, Powers of the New York Court of Appeals, § 91, p 395; see
 
 Diemer v Diemer,
 
 8 NY2d 206.) On the merits of the plaintiff’s appeal then, we agree that the 1965 judgment is not a judgment of separation within the purview of subdivision (5) of section 170 of the Domestic Relations Law upon which a divorce may be granted.
 

 On the defendant’s appeal, we see no occasion to disturb the conclusion reached by both courts below that cruel and inhuman treatment has been sufficiently demonstrated to satisfy the requirement of subdivision (1) of section 170 of the Domestic Relations Law.
 
 (Hessen v Hessen,
 
 33 NY2d 406, 411.)
 

 On each appeal, there should be an affirmance.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed, without costs, in memorandum.