■ PETER E. FRANKLIN, Appellant, v SUSAN J. LEFF, Formerly Known as SUSAN J. FRANKLIN, Respondent. [595 NYS2d 474] —Order and judgment (one paper) Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered March 6, 1992, adjudging plaintiff in contempt for failure to pay child support pursuant to a so-ordered stipulation and committing him to prison unless he pays arrears of $5,300 plus $250, and order, same court and Justice, entered March 10, 1992, continuing incarceration until payment is made purging the contempt, unanimously affirmed, without costs.

Plaintiff waived his right to counsel in this contempt proceeding by appearing without an attorney. He was informed of the possibility of incarceration and of his right to counsel at a recent previous appearance before Justice Gangel-Jacob, where he expressed the view that the right was of no import to him, was reminded in writing by defendant's attorney that he should appear at the hearing with counsel, and only the year before had been the subject of a contempt proceeding before another Judge to whom the matter was earlier assigned in which careful inquiry was made into his need for counsel.

Clearly, plaintiff was aware of his right to counsel but deliberately chose to appear without an attorney. Any defects in the notice and warning required by Judiciary Law § 756 were also waived by contesting the contempt application on

the merits *(Matter of Rappaport,* 58 NY2d 725). Because plaintiff admitted that supplementary proceedings would uncover no assets, and his monthly Army Reserve salary was subject to garnishment for a Federal tax lien, any attempt to resort to the usual enforcement devices would have been ineffectual, making it appropriate to seek contempt at this juncture (Domestic Relations Law § 245).

We have considered plaintiff's other arguments and find them to be without merit. Concur—Sullivan, J. P., Kupferman, Asch and Kassal, JJ.