■ DONNA LAPKIN, Individually and on Behalf of Her Infant Children, JASON LAPKIN and Another, Respondent, v NATHANIEL LAPKIN et al., Appellants. [637 NYS2d 140] —Order, Supreme Court, New York County (David Saxe, J.), entered on or about July 21, 1995, which, insofar as appealed from, granted plaintiff's motion to amend the complaint so as to add a cause of action for equitable estoppel, and denied defendants' cross motion for summary judgment, unanimously affirmed, without costs or disbursements.

■ DONNA LAPKIN, Respondent, v MITCHELL LAPKIN, Appellant. [637 NYS2d 386] —Order, Supreme Court, New York County (David Saxe, J.), entered August 2, 1995, finding that defendant husband failed to purge himself of a previously adjudicated contempt and directing his incarceration, unanimously affirmed, without costs.

One who refuses to attend a hearing cannot claim that his absence was a denial of due process (*Burke v Commissioner of Parole*, 52 AD2d 589). Defendant's counsel appeared and contested plaintiff's motion for a commitment order on the merits without objecting to any alleged defects in the notice and warning required by Judiciary Law § 756. Thus, defendant waived the protections afforded by the statute (*Matter of Rappaport*, 58 NY2d 725; *Franklin v Leff*, 192 AD2d 328, *lv dismissed* 82 NY2d 749; *Matter of Keator v Keator*, 211 AD2d 987). Since defendant has no assets in his name, his monthly income, an allowance from his parents, not being subject to garnishment, and prior enforcement attempts, including financial penalties, having been ineffectual, punishment by commitment until the fine previously imposed, plus interest, is paid, is an appropriate remedy (Domestic Relations Law § 245). Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Mazzarelli, JJ.