■ JOINT VENTURE ASSET ACQUISITION, Respondent, v WILLIAM MULLEN et al., Appellants. [650 NYS2d 538] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered April 5, 1995, which granted plaintiff's motion to vacate the automatic dismissal of the actions entered pursuant to CPLR 3404, unanimously affirmed, without costs.

The motion court properly exercised its discretion in vacating the automatic dismissal since plaintiff demonstrated a lack of intent to abandon the action, a meritorious cause of action, a reasonable excuse for the delay, and lack of prejudice to defendants (see, Rodriguez v Middle Atl. Auto Leasing, 122 AD2d 720, appeal dismissed 69 NY2d 874). We note, as did the motion court, that a 1989 order, resulting from the bank's insolvency and placement in receivership, stayed all litigation involving the bank and was in place at the time the case was "marked off" the calendar, as well as prior orders denying summary judgment on the basis of the existence of facts warranting a trial. Concur—Wallach, J. P., Ross, Nardelli, Tom and Mazzarelli, JJ.

■ KAY LOWINGER, Individually and as Parent and Natural Guardian of LIZA LOWINGER and Others, Infants, et al., Appellants, v MAURICE LOWINGER et al., Respondents. [650 NYS2d 532] —Order, Supreme Court, New York County (Joan Lobis, J.), entered December 21, 1995, which, inter alia, granted plaintiff leave to serve an amended complaint interposing causes of action alleging a gift of the home plaintiff has been residing in with defendants' son and conversion of personal property in that home, but denied such leave with respect to the proposed causes of action for breach of an oral contract to support plaintiff and her children for the remainder of their lives, prima facie tort, and negligence in failing to supervise the son, unanimously modified, on the law, to grant such leave with respect to the proposed cause of action for breach of contract, and otherwise affirmed, without costs.

Issues of fact exist as to whether plaintiff's religious conversion constituted a part performance and unconscionable injury taking the alleged oral contract out of the Statute of Frauds (see, Lapkin v Lapkin, 224 AD2d 199, appeal dismissed 88 NY2d 843; Tutak v Tutak, 123 AD2d 758, 760). Concur—Wallach, J. P., Ross, Nardelli, Tom and Mazzarelli, JJ.