■ In the Matter of LAURIE II., Respondent, v RAYMOND JJ., Appellant. (And Another Related Proceeding.) [890 NYS2d 156]—

Spain, J.P.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are divorced and are the parents of a daughter (born in 1998). The mother commenced these proceedings in May 2005* seeking a modification of a prior order of custody which had been entered after a full hearing in October 2002, granting the father sole legal and physical custody of the child, with scheduled parenting time to the mother. The father resided with his wife and her two sons, of whom the wife had custody. In her petition, the mother sought custody of the child based upon the child's disclosure that she had been forcefully sexually abused by her older stepbrother while residing at the father's home and threatened by that stepbrother not to disclose the ongoing abuse. Thereafter, Family Court awarded the mother temporary physical custody. Following a full fact-finding hearing, which included a *Lincoln* hearing, the court, among other

---

* The mother later commenced a violation proceeding that was dismissed by Family Court. The dismissal of the violation petition is not at issue on this appeal.

things, awarded the mother sole physical and legal custody of the child, with scheduled parenting time to the father at the father's home, but only when the stepbrother is not present in the home. The father now appeals.

The father's contention that the mother did not establish a sufficient change in circumstances is patently without merit. Indeed, substantiated allegations of sexual abuse perpetrated by a member of the custodial parent's household constitute a sufficient change in circumstances warranting the alteration of an existing order of custody if modification is in the abused child's best interests (*see Matter of Gary J. v Colleen L.*, 288 AD2d 720, 722 [2001]; *Matter of Quick v Quick*, 227 AD2d 666, 667 [1996]; *see also Matter of John HH. v Brandy GG.*, 52 AD3d 879, 879-880 [2008]). When assessing a child's best interests, the court considers, among other things, each parent's relative competence and ability to provide for the child's intellectual and emotional development, the child's wishes and the quality of the respective home environments (*see Matter of Martin v Martin*, 61 AD3d 1297, 1298 [2009]; *Matter of Valenti v Valenti*, 57 AD3d 1131, 1133 [2008], *lv denied* 12 NY3d 703 [2009]). "According great deference to the hearing court's credibility assessments and factual determinations based on that court's advantage of observing the witnesses firsthand, its decision will not be disturbed if it has a sound and substantial basis in the record" (*Matter of Brady v Schermerhorn*, 25 AD3d 1037, 1038 [2006] [citations omitted]).

Here, Family Court heard ample, undisputed testimony that the child was repeatedly sexually abused over a 5½-month period by an older stepbrother who was residing with her in the father's home. While the record confirms that neither the father nor the stepmother was aware of the ongoing sexual abuse, the father acknowledges that the abuse occurred in his home and the court concluded that it occurred on many occasions while he was home. The testimony at trial, the record of the *Lincoln* hearing and the court-ordered forensic evaluation amply confirm that the child's best interests would be served by living in the custody of the mother. As Family Court's determination is supported by a sound and substantial basis in the record, it will not be disturbed.

We share Family Court's concern that the father—who appears to have divided loyalties—had no plan to alter the stepbrother's living arrangements should he retain custody of the child. Notably, in its proposed findings of fact and conclusions of law, the father sought custody via an order permitting both children to continue to reside in the father's household—

although having "no contact" with one another—while each receive therapy directed at eventually reuniting them. In our view, the court rationally rejected that untenable proposal.

Finally, in its decision and order, Family Court directs the father not to allow any contact between the child and the stepbrother, but then appears to permit the child and the stepbrother to be together "during proper mental health treatment" without any specific parameters. Delegation of the decision as to when, if ever, these children should be together is improper (*see Matter of Sloand v Sloand*, 30 AD3d 784, 787 [2006]). Accordingly, any specific plan to reunite these two children—even under therapy—unless agreed to by the parties and the attorney for the child shall be crafted only with the approval of the court on formal application of either parent or the child's attorney.

Rose, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as delegated to the child's therapist the discretion to permit contact between the subject child and the stepbrother, and, as so modified, affirmed.