▬ In the Matter of ASHLEY E. and Another, Children Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARK E., Appellant. [889 NYS2d 727]—

Kavanagh, J.

Respondent is the father of three children, including Ashley

E. (born in 1996) and Grace E. (born in 1993). In 2006, after respondent consented to the entry of a finding of neglect, his children were placed in petitioner's custody, but were later allowed to return to respondent's home with the understanding that he abide by certain conditions incorporated in court orders tailored to monitor his use of alcohol and drugs. Two months after their return to his care, in February 2008, a petition was filed alleging that respondent had willfully violated the terms and conditions of these orders by, among other things, failing to submit to scheduled tests to determine if he had consumed alcohol or drugs. After a hearing, Family Court found that respondent had, in fact, deliberately violated these orders and fined him $700. A permanency hearing was held after which, in July 2008, Family Court returned the children to respondent's care, but imposed conditions that barred him from consuming any alcohol or illegal drugs and required him to submit to alcohol and drug testing and monitoring. Less than one month later, petitioner once again filed a petition claiming that respondent, on eight separate instances, had willfully violated the terms of the court's July 2008 orders of disposition and protection. After a hearing,[1] Family Court found that respondent had violated these orders on six occasions and that each violation was willful, and sentenced him to 90 days in jail. Respondent now appeals.

Initially, petitioner, as well as the Law Guardians for both children, argue that this appeal is moot because respondent has served his 90-day jail sentence. We disagree. Respondent's parental rights have not been terminated and, while the children now reside with his brother, respondent still has the right to bring a proceeding that would allow him to regain their custody should future circumstances permit. If such a proceeding were brought, a finding that respondent had deliberately violated a court order involving the placement of his children would be obviously relevant and have adverse consequences for respondent's position in such a proceeding (see Matter of Andrew L., 64 AD3d 915, 917 [2009]; Matter of Er-Mei Y., 29 AD3d 1013, 1013 [2006]; see also Matter of Bickwid v Deutsch, 87 NY2d 862, 863 [1995]).

As for the merits of respondent's appeal, we find that petitioner has failed to establish by clear and convincing evi-

---

1. We feel obligated to note that when respondent failed to appear in court on the original date for this hearing, Family Court inexplicably issued a warrant for his arrest even though no evidence was presented that respondent was ever served with the violation petition or notified as to the date for the hearing. In fact, all parties agreed that respondent had never been served with any notice regarding this appearance.

dence that respondent willfully violated any provision of Family Court's orders (*see Matter of Shelby B.*, 55 AD3d 986, 987 [2008]; *Matter of Blaize F.*, 48 AD3d 1007, 1008 [2008]; *Matter of Brittany T.*, 48 AD3d 995, 997 [2008]). In essence, respondent was charged with failing to appear as required for urinalysis examinations and with deliberately attempting to sabotage the operation of the Secure Continuous Remote Alcohol Monitoring (hereinafter SCRAM) device that was installed in his home to monitor his consumption of alcohol. As for the SCRAM machine, it is a device that consists of a modem connected to a phone line and an ankle bracelet that, when worn by a subject, transmits data to the modem indicating whether the subject has consumed alcohol during a relevant time period. Each morning, respondent had been instructed to sit near the modem so that it could download data from the bracelet and then transmit that data to petitioner through the phone line. When no data was received by petitioner between July 9, 2008 and July 13, 2008, it filed a petition alleging that respondent had deliberately failed to comply with its instructions regarding the machine's operation. Family Court, based on evidence presented at the hearing, found that respondent "failed to properly cooperate on each of the five occasions specified herein to allow a download of the information on his SCRAM device and that those actions are in willful violation of this [c]ourt's orders."[2] While there is no doubt that the device failed to transmit any data to petitioner during the five days in question, it does not necessarily follow that respondent was responsible for this failure or that he engaged in conduct that was deliberately designed to thwart the successful operation of this machine. Respondent testified that, as instructed, he wore the bracelet at all times, and that each morning he positioned himself near the device so that data could be transmitted from the ankle bracelet to the modem. Respondent testified, and petitioner's caseworker confirmed, that when he first suspected that the machine may have malfunctioned, he had called the caseworker "several days in a row to say that it wasn't reading." In addition, when the modem was examined by petitioner, it was able to download the information obtained from the ankle bracelet and the data did not in any way indicate that respondent had consumed alcohol in violation of the court's orders.

As for respondent's failing to report as required for a urinalysis examination on July 11, 2008, the caseworker who

---

2. An allegation contained in the petition that on July 13, 2008 respondent deliberately removed the SCRAM bracelet from his leg was found not to be supported by clear and convincing evidence and was dismissed.

scheduled the appointment did not categorically confirm in her testimony that she actually spoke with respondent regarding this appointment and may have simply left a message on his cellular telephone concerning the date the test was to be conducted. Respondent denied ever speaking with the caseworker regarding this appointment or receiving an instruction that he report for a test on July 11, 2008. He stated that when he learned that the caseworker had called him, he returned her telephone call but never spoke to her and was not told to report on this date for a urine test. Equally important, there is no dispute that respondent actually complied with other instructions he received regarding these tests, and did report as ordered on July 8, 2008 and July 17, 2008.[3] As a result, we cannot conclude on this record that the evidence clearly and convincingly established that respondent willfully violated any order he received requiring that he appear for such a test or examination.

Given this finding, we need not reach respondent's remaining arguments.

Peters, J.P., Rose, Kane and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.