■ In the Matter of JEFFREY A. JONES, Respondent, v DIETTE D. JONES, Also Known as DIETTE D. JONES-WEBMAN, Appellant. [904 NYS2d 818]—

Rose, J. Appeals (1) from an order of the Family Court of Ulster County (McGinty, J.), entered May 1, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to hold respondent in violation of a prior order of visitation, and (2) from an order of said court, entered June 22, 2009, which partially granted petitioner's motion for an award of counsel fees.

Pursuant to an order entered in 2002, petitioner (hereinafter the father) and respondent (hereinafter the mother) shared joint legal custody of their daughter (born in 1992), with the mother having primary physical custody and the father having weekly visitation. In 2006, when the daughter refused to visit with the father after an incident in which the daughter was accused of having had sexual contact with the father's six-year-old stepdaughter, Family Court modified the parties' custody order by staying its visitation provisions and directing the father and the daughter to engage in therapeutic visitation under the supervision of Lenora Bruce, a licensed clinical social worker. The modified order also required the daughter to continue in individual therapy with another therapist, Richard Silverman, regarding the alleged sexual contact, and it directed both parents to follow Bruce's recommendations regarding visitation and to cooperate in the daughter's separate counseling.

In November 2007, the father commenced this violation proceeding on the ground that the mother had willfully violated the modified order. During the resulting hearings, the mother requested that Family Court either permit her to call the daughter as a witness or conduct a *Lincoln* hearing. Family Court denied the mother's request and ultimately found that she had willfully violated the modified visitation order. Based upon that finding, the father moved for an order directing the mother to pay counsel fees and expenses. Family Court reduced the amount requested by the father and partially granted his motion. The mother appeals from both orders, and we now affirm.

The 2006 modified visitation order unequivocally mandated the mother's obligations regarding the daughter's visitation with the father and separate individual counseling concerning the daughter's alleged sexual contact with his stepdaughter. Given the direction in Family Court's order that she "participate as the therapeutic provider reasonably requests" and "ensure that the child timely attends individual therapy," the mother knew or should have known that she was required to

follow Bruce's instructions as to the conduct of visitation and have the child separately counseled regarding the incident with the father's stepdaughter (*see Matter of Bronson v Bronson*, 37 AD3d 1036, 1037 [2007]; *Labanowski v Labanowski*, 4 AD3d 690, 694 [2004]).

The evidence supports Family Court's conclusion that the mother was not credible in claiming that she did everything she could to facilitate visitation. Bruce was aware of the daughter's resistance to visitation and gave the mother specific instructions for dealing with the daughter, yet the testimony established that the mother did not follow those instructions. Bruce testified that the mother's cooperation was very superficial, the mother was not committed to healing the relationship between the daughter and the father, and the mother improperly cancelled therapy appointments. Bruce also testified that even though she had advised the mother of the vital importance of separate counseling regarding the daughter's incident with the father's stepdaughter, the mother limited Silverman's therapy to the child's relationship with the father. According deference to Family Court's credibility determinations, we will not disturb its finding of a willful violation here (*see Matter of Cobane v Cobane*, 57 AD3d 1320, 1323 [2008], *lv denied* 12 NY3d 706 [2009]; *Matter of Aurelia v Aurelia*, 56 AD3d 963, 964 [2008]).

Nor will we overturn Family Court's refusal to permit the mother to call the parties' daughter as a witness. The mother sought to do so in order to corroborate her claim that the daughter's refusal alone had defeated the therapeutic visitation. The record, however, supports Family Court's determination that it was unnecessary to call the daughter as a witness, as the child's testimony would have been irrelevant to the issue of whether the mother's own actions constituted a willful violation of the court order (*see Matter of Thomas v Osborne*, 51 AD3d 1064, 1068 [2008]; *Posporelis v Posporelis*, 41 AD3d 986, 991 [2007]).

Finally, we find no abuse of discretion in Family Court's award of reduced counsel fees to the father (*see* Family Ct Act § 156; Judiciary Law § 773; *Matter of Meier v Key-Meier*, 36 AD3d 1001, 1004 [2007]).

Peters, J.P., Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.