■ MARGARET B. DUNN, Appellant, v DAVID J. DUNN, JR., Respondent. MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, which is a Subsidiary of the NEW YORK CITY TRANSIT AUTHORITY, which is a Subsidiary of the METROPOLITAN TRANSPORTATION AUTHORITY, Nonparty Respondent. [911 NYS2d 96]—

In an action for a divorce and ancillary relief in which the parties were divorced by judgment dated April 24, 1985, the plaintiff appeals, (1) as limited by her brief, from so much of an order of the Supreme Court, Orange County (Ritter, J.), dated November 7, 2009, as, upon granting that branch of her motion which was to hold Manhattan and Bronx Surface Transit Operating Authority in civil contempt pursuant to Judiciary Law § 753, imposed a fine in the sum of only $250, and (2) from so much of an amended qualified domestic relations order of the same court dated January 8, 2010, as awarded her only an additional 8% of the defendant's pension benefits to cover arrears totaling $136,877.67.

Ordered that the appeal from the amended qualified domestic relations order dated January 8, 2010, is dismissed, as no appeal lies as of right from a qualified domestic relations order (*see Bernstein v Bernstein,* 18 AD3d 683, 683-684 [2005]; *Gormley v Gormley,* 238 AD2d 545, 546 [1997]), and we decline to grant leave to appeal sua sponte; and it is further,

Ordered that the order dated November 7, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the nonparty-respondent.

A court may punish for civil contempt any disobedience of a lawful judicial order expressing an unequivocal mandate (*see McCain v Dinkins,* 84 NY2d 216, 226 [1994]; *Matter of McCormick v Axelrod,* 59 NY2d 574, 583 [1983]; *Biggio v Biggio,* 41 AD3d 753, 754 [2007]), whenever the rights or remedies of a party to a civil action may be defeated, impaired, impeded, or prejudiced (*see* Judiciary Law § 753 [A] [3]; *Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.,* 70 NY2d 233, 239-240 [1987]; *Casavecchia v Mizrahi,* 57 AD3d 702, 703 [2008]; *Incorporated Vil. of Plandome Manor v Ioannou,* 54 AD3d 365, 366 [2008]; *Dankner v Steefel,* 41 AD3d 526, 528 [2007]; *Orange County-Poughkeepsie Ltd. Partnership v Bonte,* 37 AD3d 684, 686 [2007]). Here, the Supreme Court properly found that the plaintiff met her burden of proving, by clear and convincing evidence, that the nonparty-respondent violated a lawful and unequivocal mandate, i.e., the implementation of the qualified domestic relations order, of which it had knowledge, and in so doing, impaired and prejudiced the plaintiff's rights (*see Biggio v Biggio,* 41 AD3d at 754; *Freihofner v Freihofner,* 39 AD3d 465, 466 [2007]; *Raphael v Raphael,* 20 AD3d 463, 464 [2005]).

Inasmuch as there was no evidence of an unmitigated actual loss or injury to the plaintiff "by reason of the misconduct" of the nonparty-respondent, the Supreme Court providently exercised its discretion in imposing a fine equal to the statutory sum of $250 and in denying the plaintiff's request for compensatory damages (Judiciary Law § 773; *see Matter of Barclays Bank v Hughes,* 306 AD2d 406, 408 [2003]; *Berkowitz v Astro Moving & Stor. Co.,* 240 AD2d 450, 452 [1997]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Florio, Balkin and Roman, JJ., concur.