■ In the Matter of MATTHEW J. HOLLAND, Respondent, v AMY K. HOLLAND, Appellant. [914 NYS2d 397]—

Egan Jr., J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered August 6, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to hold respondent in willful violation of a prior order.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are married with two children (born in 2005 and 2007). In September 2008, Family Court issued a custody order granting the mother sole custody of the children and the father visitation two days out of the week. On the day in question, the father went to the mother's residence in order to pick up the children for a scheduled visitation, but found that the mother had moved with the children without informing him of her new address. The father subsequently filed a petition

requesting that Family Court find the mother in willful violation of the custody order. Family Court found that the mother had willfully violated the custody order and imposed a suspended 30-day jail sentence. Contending that Family Court erred by holding her in contempt since the order did not specify where the children were to be picked up, nor did it require her to provide the father with her address, the mother appeals.

In order for there to be a finding of contempt for violating a court order, the petitioner must show by clear and convincing evidence that (1) Family Court issued a valid, clear and explicit order, (2) the party alleged to have violated the order actually knew the conditions of that order, and (3) the alleged violation prejudiced some right of the petitioner (see Matter of Joseph YY. v Terri YY., 75 AD3d 863, 867 [2010]; Matter of Omahen v Omahen, 64 AD3d 975, 977 [2009]; Matter of Aurelia v Aurelia, 56 AD3d 963, 964 [2008]). Further, the petitioner must establish that the respondent's alleged violation was willful (see Matter of Omahen v Omahen, 64 AD3d at 977; Matter of Blaize F., 48 AD3d 1007, 1008 [2008]), which ultimately depends on the credibility of the testimony presented (see Matter of Cobane v Cobane, 57 AD3d 1320, 1323 [2008], lv denied 12 NY3d 706 [2009]).

Here, the record reflects that Family Court issued a custody order on September 26, 2008 granting the father visitation with the parties' children on Mondays and Thursdays from after work until 9:30 P.M. Pursuant to that order, if the father did not have to work on one of those days, then "pick up time shall be as early as 7:00 a.m. as the parties may agree." The mother conceded that she was aware of the order and that, due to his work schedule, the father had visitation scheduled with their children on the morning of the date at issue. She admitted to moving out of the residence with the children prior to that date without informing the father, and conceded that she had no intention of providing him with her new address, although she testified that she attempted to reach the father by telephone to arrange a neutral pickup point. Based on this testimony and giving deference to Family Court's determination that the mother's testimony was not credible, Family Court did not err by holding the mother in contempt after finding that she had willfully violated the September 2008 custody order (see Judiciary Law § 753 [A] [3]; Family Ct Act § 156; Matter of Jones v Jones, 75 AD3d 786, 788 [2010], lv dismissed 15 NY3d 866 [2010]; Matter of Omahen v Omahen, 64 AD3d at 977; Matter of Cobane v Cobane, 57 AD3d at 1323; Matter of Aurelia v Aurelia, 56 AD3d at 966; Matter of Blaize F., 48 AD3d at 1008-1009).

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.