■ In the Matter of XAVIER II., a Child Alleged to be Neglected. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RAHIEM II., Appellant. [917 NYS2d 740]—

Garry, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered April 5, 2010, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

Respondent is the father of a son (born in 2004) and a daughter (born in 2007). In November 2009, the son told his teacher that respondent had struck him with a belt. After a child protective investigation, petitioner commenced this neglect proceeding alleging that respondent used excessive corporal punishment.* Family Court conducted a fact-finding hearing at which respondent testified that on a single occasion he struck his son four times with his belt. The court found that respondent's actions constituted neglect, but that the aid of the court was not required and dismissed the petition pursuant to Family Ct Act § 1051 (c). Respondent appeals, contending that the facts were insufficient to establish neglect.

The appeal must be dismissed. Having obtained the full relief available, respondent is not aggrieved and has no basis for an appeal (see CPLR 5511; *T.D. v New York State Off. of Mental Health*, 91 NY2d 860, 862 [1997]). A party obtaining such relief is not aggrieved "even where that party disagrees with the particular findings, rationale or the opinion supporting the judgment or order below in his [or her] favor, or where he [or she] failed to prevail on all the issues that had been raised" (*Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983] [citation omitted]; *see Matter of Spaziani v City of Oneonta*, 302 AD2d 846, 847 [2003]). The exception sometimes invoked to permit prevailing parties to appeal when incomplete relief was granted or an important legal right was affected is inapplicable (*see Becker v Becker*, 36 NY2d 787, 789 [1975]; *Lincoln v Austic*, 60 AD2d 487, 490 [1978], *lv denied* 44 NY2d 644 [1978]; 12-5511 New York Civil Practice: CPLR 5511.06). As no adjudication of neglect was made, no prejudicial impact in potential future legal proceedings results. A neglect adjudication is "a permanent and significant stigma which is capable of

---

* The petition initially alleged that respondent had abused the son and neglected the daughter, but, at the outset of the hearing, Family Court granted petitioner's motion to reduce the petition to neglect of the son, and ultimately dismissed the allegations as to the sister.

affecting a parent's status in potential future proceedings" (*Matter of Matthew C.*, 227 AD2d 679, 680 [1996]). In contrast, the determination in this matter is not preserved, and can neither affect the parent's status nor bear other prejudicial effect in future legal proceedings (*see Matter of Baby Girl W.*, 245 AD2d 830, 832 [1997]; *compare Matter of Lewis T.*, 249 AD2d 646, 647 [1998]).

Respondent further contends that he is aggrieved as a practical matter because he allegedly suffered a loss of employment as a result of the determination. Even were this claim sufficiently documented in the record to permit consideration, it is indistinguishable from other collateral consequences of involvement in legal proceedings and does not demonstrate that "a substantial and important right of [respondent] has been adversely affected and that the interests of justice require that [he] be permitted to appeal the adverse finding" (*Lincoln v Austic*, 60 AD2d at 490).

Peters, Lahtinen and McCarthy, JJ., concur; Cardona, P.J., not taking part. Ordered that the appeal is dismissed, without costs.

