■ In the Matter of MARCELLA M. LAGANO, Appellant, v LINDA S. SOULE et al., Respondents. [926 NYS2d 729]—

Egan Jr., J.

Petitioner (hereinafter the mother) and respondent Eric K. Taylor (hereinafter the father) are the biological parents of a son (born in 2002). In May 2005, respondent Linda S. Soule, the child's paternal grandmother, was granted custody of the child, and the mother was awarded specified periods of visitation. The mother thereafter commenced three separate proceedings seeking to modify the prior award of custody and hold Soule in contempt for failing to comply with the visitation schedule. A hearing ensued as to the modification petitions in February 2006, at the conclusion of which Family Court (Connerton, J.) granted the mother temporary custody of the child.[1] The mother's attorney was instructed to prepare an order to that effect, which also was to include a directive that Soule produce the child at the next scheduled court appearance.[2]

When the matter reconvened in April 2006, Soule, who by this time had relocated with the child out of state, appeared via telephone. Prior to adjourning the hearing due to the absence of the then attorney for the child, Judge Connerton advised Soule—repeatedly and in no uncertain terms—that she was required to produce the child on May 2, 2006, and Soule, in turn, indicated that she understood the court's directive. When Soule failed to appear or produce the child as ordered, the court awarded the mother sole legal custody with visitation to the father.

After eventually locating and regaining physical custody of her son in August 2009,[3] the mother commenced this violation

---

[1]. Soule was represented by counsel at this hearing but did not appear in person.

[2]. That order, however, was not submitted or entered until after the next court appearance in April 2006.

[3]. The mother had last seen her child in December 2005.

proceeding against Soule and the father. Following a hearing in July 2010, Family Court (Charnetsky, J.) (hereinafter Family Court), upon application of the attorney for the child, dismissed the violation petition with prejudice, finding that the mother failed to establish that Soule was either served with or otherwise had knowledge of the May 2006 order. This appeal by the mother ensued.[4]

"To sustain a civil contempt finding based upon the violation of a court order, it must be established that there was a lawful court order in effect that clearly expressed an unequivocal mandate, that the person who allegedly violated the order had actual knowledge of its terms, and that his or her actions or failure to act defeated, impaired, impeded or prejudiced a right of the moving party" (*Matter of Aurelia v Aurelia*, 56 AD3d 963, 964 [2008] [citations omitted]; *see Dunn v Dunn*, 78 AD3d 649, 650 [2010]; *Matter of Joseph YY. v Terri YY.*, 75 AD3d 863, 867 [2010]; *Matter of Omahen v Omahen*, 64 AD3d 975, 977 [2009]). This violation, in turn, must be proven by clear and convincing evidence (*see Matter of Joseph YY. v Terri YY.*, 75 AD3d at 867; *Matter of Aurelia v Aurelia*, 56 AD3d at 964). Accepting the mother's proof as true, affording her the benefit of every favorable inference that reasonably could be drawn therefrom and resolving all credibility issues in her favor, as we must on a motion to dismiss (*see Matter of Nikki O. v William N.*, 64 AD3d 938, 939 [2009], *lv dismissed* 13 NY3d 825 [2009]; *Matter of David WW. v Laureen QQ.*, 42 AD3d 685, 686 [2007]; *Matter of Le Blanc v Morrison*, 288 AD2d 768, 770 [2001]), we conclude that the mother established a prima facie case of a willful violation as to Soule (*see e.g. Matter of Seacord v Seacord*, 81 AD3d 1101, 1103 [2011]; *Matter of Holland v Holland*, 80 AD3d 807, 808 [2011]) and, as such, Family Court erred in granting the motion to dismiss to that extent.

The underlying pro se violation petition—liberally construed (*see* Family Ct Act § 165 [a]; CPLR 3026; *Matter of Whitaker v Murray*, 50 AD3d 1185, 1186 [2008]; *Matter of Mitchell v Childs*, 26 AD3d 685, 687 [2006])—alleges a violation of both Judge Connerton's written May 2006 order and oral April 2006 direc-

---

4. The mother has not briefed the dismissal of the violation petition as to the father and, therefore, we deem any argument on this point to be abandoned (*see Matter of Miranda HH. [Thomas HH.]*, 80 AD3d 896, 897 n 1 [2011]). Additionally, although the attorney for the child now asserts that the child was denied the effective assistance of counsel, no notice of appeal was filed on behalf of the child and, in any event, the child was not aggrieved by the dismissal of the underlying violation petition (*see Matter of Xavier II. [Rahiem II.]*, 81 AD3d 1222, 1222 [2011]; *Matter of Carol YY. v James OO.*, 68 AD3d 1463 [2009]).

tive, the latter of which ordered Soule to produce the child in court on May 2, 2006. Although we agree that there is insufficient evidence to support a finding that Soule had actual knowledge of the written May 2006 order (*see McCain v Dinkins,* 84 NY2d 216, 226 [1994]; *Matter of McCormick v Axelrod,* 59 NY2d 574, 583 [1983]; *Graham v Graham,* 152 AD2d 653, 654-655 [1989]), there is no question that she had actual knowledge of Judge Connerton's April 2006 oral directive. In this regard, it is clear that "an oral 'order' or directive, issued in the contemnor's presence, placed upon the record and transcribed into the minutes of the proceeding, may be deemed a 'mandate' . . . and, hence, may form the basis for contempt" (*Matter of Betancourt v Boughton,* 204 AD2d 804, 808 [1994]). And it is equally clear from a review of the April 2006 transcript, of which Family Court took judicial notice,[5] that Soule was repeatedly and unequivocally ordered by Judge Connerton to produce the child at the May 2006 court appearance, which, despite her acknowledgment of this directive and her expressed understanding thereof, Soule thereafter failed to do. Further, Soule's defiance of this clear and lawful mandate, as well as her subsequent conduct in secreting the child's whereabouts for the ensuing three years, plainly prejudiced the mother's parental rights and, in our view, was sufficient to establish a willful violation of Judge Connerton's April 2006 order.[6] Accordingly, the motion dismissing the violation petition against Soule is denied and the matter is remitted to Family Court for further proceedings not inconsistent with our decision (*see Matter of Aaron D.,* 32 AD3d 1220 [2006]).

Spain, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion to dismiss the petition against respondent Linda S. Soule; motion denied to that extent and matter remitted to the Family Court of Broome

---

**5.** Family Court—without objection—took judicial notice of "all prior proceedings involving [the child at issue]." Contrary to Soule's assertion, the mere fact that the court did so in the context of a separate Family Court proceeding involving the child is of no moment, as "[a] court may take judicial notice of prior judicial proceedings though in a different court and involving different parties" (*Matter of Justin EE.,* 153 AD2d 772, 774 [1989], *lv denied* 75 NY2d 704 [1990]; *see generally Matter of Kayla J. [Michael J.],* 74 AD3d 1665, 1667 [2010]). Family Court also took judicial notice of Judge Connerton's May 2006 order.

**6.** We note in passing that Family Court unduly curtailed the mother's testimony regarding Soule's repeated relocations with the child. Such testimony, in our view, is both relevant to the issue of willfulness and constitutes circumstantial evidence thereof (*see generally Labanowski v Labanowski,* 4 AD3d 690, 694 [2004]).

County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.