■ In the Matter of ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, v DEBRA W., Appellant. [944 NYS2d 525]—

Order, Family Court, Bronx County (Carol R. Sherman, J.), entered on or about August 13, 2010, which adjudicated respondent mother in civil contempt of court based on her violation of multiple court orders directing her to produce her children in court or at an office of petitioner agency or to provide the location of the children or the names and contact information for any and all persons who could give information as to their location, and ordered that she be incarcerated until the children were produced in court or at an agency office, or for six months, whichever was shorter, unanimously affirmed, without costs.

Contrary to respondent's contention, the application for civil contempt contained the requisite notice and warning that failure to appear could result in immediate arrest and imprisonment (*see* Judiciary Law § 756). In any event, respondent waived any objection to the notice requirements by appearing and defending against the contempt application on the merits (*see Franklin v Leff*, 192 AD2d 328 [1993], *lv dismissed* 82 NY2d 749 [1993]; *see also Lapkin v Lapkin*, 224 AD2d 199, 200 [1996]).

The agency showed with reasonable certainty that respondent disobeyed lawful orders that clearly expressed an unequivocal mandate, thereby prejudicing a right or remedy of the agency (*see Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]; *McCain v Dinkins*, 84 NY2d 216, 227 [1994]; *see also* Judiciary Law § 753 [A] [3]). The July 26, 2010 arrest warrant, and the court's oral orders of August 2, 3, 4, 5, 6, 9, and 10, 2010 were lawful, and clearly and unequivocally mandated that respondent produce her children in court or at an agency field office or provide detailed information to assist in locating the children.

Respondent had actual knowledge of the arrest warrant (*see Matter of McCormick*, 59 NY2d at 583). One of the arresting officers showed it to her and explained to her why the officers were required to take her children. She also had knowledge of the court's seven oral orders, since they were issued in open court in her presence (*see Matter of Lagano v Soule*, 86 AD3d 665, 667 [2011]).

The record shows that respondent disobeyed the July 26, 2010 arrest warrant on July 28, 2010, by preventing the police from gaining access to an apartment, which prevented them from fully executing the warrant. She also disobeyed the court's oral orders by repeatedly failing to produce the children or provide the names and addresses and other contact information for family and friends who might have had knowledge of the children's whereabouts. Respondent's disobedience prejudiced the agency in its ability to proceed with this child neglect proceeding, in interviewing the children, and in ensuring their general safety.

We reject respondent's claim that the contempt order was "purely punitive" in violation of Judiciary Law § 753 (A) (3) (*see Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 239 [1987]; *State of New York v Unique Ideas*, 44 NY2d 345, 349 [1978]). The court's adjudication of civil contempt was based on respondent's violation of an arrest warrant and numerous court orders, and respondent was released immediately after the children were produced in court. Concur—Friedman, J.P., Sweeny, DeGrasse, Abdus-Salaam and Román, JJ. **[Prior Case History: 28 Misc 3d 1231(A), 2010 NY Slip Op 51568(U).]**