■ In the Matter of LISA A. GUILD, Respondent, v REGGIE A. CLIFFORD, Appellant. (And Two Other Related Proceedings.) [971 NYS2d 582]—

Garry, J. Appeal from an order of the Family Court of St. Lawrence County (Morris, J.), entered May 4, 2012, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to find respondent in willful violation of a prior court order.

The parties are the parents of one child (born in 2008). In 2011, an order was entered placing sole custody of the child with petitioner (hereinafter the mother) and providing respondent (hereinafter the father) with parenting time "at such times as the parties agree." Later that year, the mother filed these petitions alleging that the father had violated the order by refusing to return the child to her after an extended period of visitation. Following a hearing, Family Court found that the father willfully violated the custody order but, due to all of the circumstances, declined to impose any penalty. The father appeals.

Initially, we note that the father's appeal from the finding of willful violation is not moot, as such a finding may have "enduring consequences" with regard to future custody and visitation matters (Matter of Bickwid v Deutsch, 87 NY2d 862, 863 [1995];

*see Matter of Destiny F. [Angela F.]*, 85 AD3d 1229, 1229 [2011], *lv dismissed* 17 NY3d 854 [2011]; *Matter of Ashley E. [Mark E.]*, 68 AD3d 1185, 1186 [2009]). Turning to the merits, the record provides the clear and convincing proof necessary to support the finding of willful violation (*see Matter of Holland v Holland*, 80 AD3d 807, 808 [2011]; *Matter of Duane H. v Tina J.*, 66 AD3d 1148, 1149 [2009]; *Matter of Aurelia v Aurelia*, 56 AD3d 963, 964 [2008]). Although Family Court did not find either party particularly credible, the one fact that was testified to consistently by both of them was that, despite an existing court order providing the mother with sole custody and the father parenting time upon the parties' agreement, the father refused to return the child to the mother when she sought to retrieve the child after a lengthy period of parenting time with the father. Accordingly, we find no error in the court's decision (*see Matter of Holland v Holland*, 80 AD3d at 808; *Matter of Aurelia v Aurelia*, 56 AD3d at 964).

Rose, J.P., Spain and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.