■ In the Matter of VERNON D., JR. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TARAH F., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of ZHANIYAH D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TARAH F., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of ZHYEN G.M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TARAH F., Appellant, et al., Respondent. (Proceeding No. 3.) [989 NYS2d 334]—

In three related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of the Family Court, Queens County (McGowan, J.), dated September 6, 2013, which, upon a decision dated August 11, 2013, granted the petitioner's motion to adjudge her in civil contempt for her violation of a prior order of protection of the same court dated August 3, 2010, and (2) an order of the same court, also dated September 6, 2013, which denied her motion, in effect, for leave to reargue her prior motion for unsupervised visitation with the subject children, which had been denied in an order of the same court dated May 22, 2013.

Ordered that the appeal from the order denying the motion, in effect, for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order granting the petitioner's motion to adjudge the mother in civil contempt for her violation of a prior order of protection of the same court dated August 3, 2010, is affirmed, without costs or disbursements.

Contrary to the mother's contention, the Family Court properly granted the petitioner's motion to adjudge her in civil contempt for failing to obey the clear and unequivocal mandate of a prior order of protection directing her to not permit any

contact between the youngest child and his father (*see Matter of McCormick v Axelrod*, 59 NY2d 574, 584-585 [1983]; *El-Dehdan v El-Dehdan*, 114 AD3d 4, 16-17 [2013]; *Matter of Administration for Children's Servs. v Debra W.*, 95 AD3d 582 [2012]; *see also Matter of Lagano v Soule*, 86 AD3d 665, 667 [2011]). Moreover, a hearing was not necessary, as the mother's papers in opposition to the petitioner's motion failed to raise a factual dispute or the existence of a defense (*see El-Dehdan v El-Dehdan*, 114 AD3d at 17; *Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.*, 50 AD3d 1073, 1074 [2008]; *Jaffe v Jaffe*, 44 AD3d 825 [2007]; *Matter of Garbitelli v Broyles*, 257 AD2d 621, 622 [1999]).

The mother's remaining contentions are without merit. Eng, P.J., Leventhal, Lott and Roman, JJ., concur.